1842.

Day
v.
Potter.

---

## Day and another vs. Potter.

Where an original bill was filed by D. and W., against P. to obtain a conveyance of real estate, and a replication was filed to the defendant's answer to such bill, and after the filing of such replication, D. purchased the interest of his co-complainant in the subject matter of the suit and afterwards died; and the heirs at law of D. thereupon filed a supplemental bill, in the nature of a bill of revivor and supplement, to continue the proceedings in their names; to which bill the defendant put in an answer, without oath, denying the allegations in the supplemental bill; *Held,* that such heirs at law should file a replication to the defendant's answer to the supplemental bill, and proceed to take proof of the matter put in issue by that answer, in connection with the proofs of the matters in issue upon the original bill; leaving the question as to the right of the complainant to have the benefit of the original bill, and of the subject matter of the same, to be finally decided at the hearing, upon the proofs in the cause.

*Held also,* that unless the facts put in issue by the answer to the supplement bill, were proved by the complainants in the usual way, such bill should be dismissed at the hearing.

*Held further,* that if such facts were proved, as well as the matters put in issue upon the original bill, the new complainants would be entitled to the same relief that the complainants in the original bill would have been entitled to if they had both lived, and had continued to retain their interests in the subject matter of the litigation, as it was at the commencement of their suit.

Where a simple bill of revivor is filed, or a supplemental bill in the nature of a bill of revivor, it seems, that an order to revive must be obtained before the hearing of the cause.

A defendant in a bill of revivor cannot by answer prevent a revival of the suit, although he denies the right to revive.

But although the defendant cannot by answer prevent an order for the revival of the suit, yet if the facts upon which the title to revive rests are denied by the answer, the complainant must establish the right to revive at the hearing, or he will eventually fail in the suit.

1842.

Day
v.
Potter.

August 16.

THIS was an application by the complainants in a supplemental bill to revive and continue the proceedings in the original suit in their names, as complainants. The original bill was filed by R. G. Day and M. White against the defendant Potter to obtain a conveyance of real estate. Subsequent to the filing of that bill and after a replication had been filed to the defendant's answer thereto, Day purchased out the interest of his co-complainant, in the subject matter of the suit, and afterwards died. The present complainants, who were the heirs at law of the decedent, thereupon filed their supplemental bill in this cause, in the nature of a bill of revivor and supplement, to continue the proceedings in their names as the substituted complainants who were now entitled to the whole subject matter of the litigation. To that bill the defendant put in an answer, without oath, in which he admitted the filing of the original bill against him by Day and White ; but by a general traverse in his answer he denied that any of the other allegations in the supplemental bill were true to his knowledge or belief.

*L. R. Marsh*, for the complainants.

*O. L. Barbour*, for the defendants.

THE CHANCELLOR. This is not one of the cases specially provided for by the 23d rule of this court. For as the facts stated in the supplemental bill upon which the claim of the present complainants to the whole subject matter of the litigation rests are denied and put in issue by the answer, proof of those facts must be made by the complainants, in the usual way, or their supplemental bill will be dismissed at the hearing. But in case those facts are proved, in addition to the matters put in issue by the replication to the answer in the original cause, these complainants will be entitled to the same relief that the complainants in the original bill would have been entitled to if they had both lived, and had continued to retain their interest in the subject

matter of the litigation as it was at the commencement of

their suit. The proper course therefore is to file a replication to the answer to this supplemental bill and proceed to take proof of the matters put in issue by that answer, in connection with the proofs of the matters in issue upon the original bill ; leaving the question as to the right of the complainants to have the benefit of the original bill and of the subject matter of the same to be finally decided at the hearing, upon the proofs in the cause.

The bill in this case, however, is a simple bill of revivor, so far as relates to the interest which Day, one of the original complainants, had in the subject matter of the litigation, at the time the original bill was filed, and is a supplemental bill in the nature of a bill of revivor only as to the interest which was formerly vested in White, and which had been assigned or conveyed to the deceased complainant previous to his death. In such a case it appears to be necessary to obtain an order to revive, previous to the hearing of the cause. (3 *Dan. Ch. Pr.* 217.) And the defendant cannot prevent a revival of the suit by answer merely, although he denies the right to revive. (*Lewis* v. *Bridgman*, 2 *Sim. Rep.* 465. *Harris* v. *Pollard*, 3 *Peer Wms. Rep.* 348.) But although the defendant cannot by answer prevent an order for the revival of the suit, yet if the facts upon which the title to revive rests are denied by the answer, the complainant, at the hearing, must establish the right to revive, or he must eventually fail in the suit. (*Mitf. Pl.* 78. 3 *Danl. Ch. Pr.* 218.)

An order must therefore be entered that the original suit be revived and continued in the names of the complainants in this supplemental bill, as the heirs at law of R. G. Day one of the complainants in the original suit and the alleged assignee of White the other complainant therein ; but this order is to be without prejudice to the right of the defendant, at the hearing, to controvert any of the allegations in the supplemental bill which are not admitted by his answer to the same. And the complainants are to have the

same time to file a replication to the defendant's answer to their bill as they had at the time they gave notice of the present application.