Lee v. O'Shaughnessy et al.

JOSEPH LEE, JR.

*vs.*

LUCY O'SHAUGHNESSY, *et al.*

The *continuance* of an action by bringing in new parties in place of a deceased defendant, is to be effected, not under *section* 104, *chap.* 66, *Gen. Stat* , but under *section* 36 of the same chapter.

Where no steps have been taken to continue until after the expiration of one year after the decease, a continuance, unless stipulated, can properly be allowed only upon supplemental complaint, in analogy to the proceeding by bill of revivor.

Until after proper notice to the persons sought to be made parties, the question of continuance is judicially determined, and the continuance *allowed*, the original action is not continued, and the persons sought to be brought in are not made parties thereto; nor are they bound by the judgment or other proceedings in the action. The judgment is, as to them, a nullity, no jurisdiction over them having been acquired. A judgment in such case being a nullity, it is not necessary that application to vacate it should be made within one year after its rendition under *section* 105, *chap.* 66, *Gen. St.*

*Mackubin & Edgerton vs. Smith*, 5 *Minn.* 367, followed on the point, that in a case of this kind it is not necessary for defendant to show a meritorious defense.

In 1860 suit was commenced in the district court for Ramsey county against Thomas O'Shaughnessy and Lucy his wife to foreclose a mortgage. The defendants appeared and answered. The defendant Thomas O'Shaughnessy died, and more than a year afterwards, and in the year 1871, upon affidavit setting forth the death of said defendant and the names of his heirs, and the administratrix of his estate, plaintiff obtained an order that the defendants or their attorney show cause why leave should not be granted to amend the summons

by striking therefrom the name of the defendant Thomas O'Shaughnessy and inserting therein the names of his heirs and said administratrix, and to file a supplemental complaint. This order was served on the attorneys who appeared for the original defendants. Upon the hearing an order was entered granting such leave, and the plaintiff so amended the summons and filed a supplemental complaint. The new parties to the suit not being found within the state, the amended summons was served on them by publication. None of them appeared, and judgment was entered against them by default, and the mortgaged property sold thereunder to the plaintiff, to satisfy the same, and the sale confirmed. More than a year after the entry of judgment, the heirs of the deceased defendant appeared specially, and on the record, and an affidavit of one of them, showing that no service of the summons had been made on them, or received by mail, and that the first knowledge they had of the decree or sale was derived through a proposition to purchase their right of redemption received by them some two months previous; that the said parties reside in the state of Kentucky, and were not fully advised in the premises until the deponent arrived in St. Paul shortly before the motion was made and investigated the matter; that the defendants had a good and substantial defense upon the merits, &c., moved that the judgment and all proceedings subsequent to the service of the answer of the original defendants, be set aside and vacated, upon the following among other grounds: " because the order relative to the amendment of the summons and substitution of parties was without authority of law, and no cause or ground has been shown therefor, and the said Thomas O'Shaughnessy the original defendant had been dead more than one year before any application had been made for such substitution, amendments or order relative to the same, and because said order

was made without notice to the heirs of said decedent, and because said court had no authority to make such order, and the same is irregular and void." The court granted the motion and the plaintiff appeals from the order granting the same to this court.

John B. & W. H. Sanborn, for Appellant.

H. J. Horn, for Respondents.

*By the Court.*—Berry, J.—Thomas O'Shaughnessy (who was the principal defendant in this action as it was originally commenced,) having deceased, plaintiff attempted to continue the action by bringing in his (the said Thomas's,) personal representative and heirs as defendants. From the language of the order to show cause, and the opinion of the court below, plaintiff's counsel would seem to have fallen into the mistake of supposing that this might properly be accomplished by proceeding under *section* 104, *ch.* 66, *Gen Stats.*, by which the allowance of amendments before or after judgment is authorized. But that section does not provide for cases (like this at bar,) where the facts which render the introduction of new parties necessary occur after the commencement of the action. Such cases are provided for by *section* 36 of the same chapter ; *Hernfayer vs. Hernfayer,* 6 *How. Pr. Rep.* 13 ; *Beck vs. Stephens,* 9 *Id.* 193. *Section* 36, which governs this case, enacts that, " An action does not abate by the death * * of a party * * * if the cause of action survives or continues. In case of the death * * of a party, the court on motion at any time within one year thereafter or afterward on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest."

Defendant Thomas O'Shaughnessy having died more than one year before any steps were taken to continue, a continuance, unless stipulated, could be properly *allowed* only upon supplemental complaint, in analogy to the proceeding by bill of revivor under the old chancery practice. *Taylor vs. Taylor*, 43 *N. Y.* 585 ; *Matter of Burnsdoff vs. Lord*, 41 *Barbour*, 211 ; *Roach vs. La Farge*, 43 *Barbour*, 616.

In the case of a bill of revivor, the death of the party having left the action in a state of suspended animation, the question was whether it should be reanimated or revived. The purpose of the proceeding by bill of revivor, which was in the nature of a subsidiary or collateral action, was to try and determine this question. Before the original action could properly proceed against the persons sought to be brought in, an order to revive was necessary. Until such order, the action was not revived, (unless by waiver,) or in other words, the persons sought to be brought in did not become parties to the action. *Day vs. Potter*, 9 *Paige*, 645 ; *Requa vs. Holmes*, 16 *N. Y.* 196 ; 26 *N. Y.* 348 ; *Matter of Barnsdoff vs. Lord, supra* ; *Taylor vs. Taylor, supra* ; 2 *Barb. Ch. Pr.* 49 ; 2 *Daniels Ch. Pr.* (3d *Am. Ed.*,) 1587 ; 3 *Id.* 2086. Not being parties, and there being no one before the court to represent them, they were not bound by the judgment or other proceedings in the action. *Requa vs. Holmes, supra.*

So under our present practice, the *continuance* which corresponds to the revivor, is to be *allowed* on supplemental complaint. This, like any other complaint, is the first pleading in an action, and in this instance in an action collateral and subsidiary to the original action, the object in view being to try and determine the question whether the original action shall be revived, or, as we now say, continued. The action is not to be continued before or at the time of filing the supplemental complaint, (as in the case at bar,) but upon a hear-

Lee v. O'Shaughnessy et al.

ing after opportunity has been offered to the parties sought to be brought in to appear and resist the continuance. The presentation or filing of the supplemental complaint, does not authorize, adjudge or effect the continuance of the action. Until after proper notice to the persons sought to be made parties, the question of continuance is judicially determined, and the continuance *allowed*, the original action is not continued, and the persons sought to be brought in, are not made parties thereto. And, for reasons before given, they are not bound by the judgment or other proceedings in the action. *See authorities, supra.* The judgment is as to them a nullity—the court which assumed to render the same never having acquired jurisdiction over them.

In the case at bar no order allowing the continuance of the original action was made after the service of summons upon the personal representatives and heirs of the deceased, Thomas O'Shaughnessy. As such representatives and heirs did not in any manner waive such order of allowance, the judgment and other proceedings in the case were as to them absolute nullities. Being *nullities*, it was not necessary that application should be made to vacate and set them aside within one year after judgment, under the provisions of *section* 105, *ch.* 66, *Gen. Stats.* That section does not refer to judgments which are void as having been entered without authority, against parties not in court. The court has the right to purge its records of such judgments, notwithstanding the lapse of a longer time than that allowed for opening judgments on account of mere irregularities. *Dederick's Adm'rs vs. Richley,* 19 *Wend.* 112 ; *M. & M. Bk. vs. Boyd,* 3 *Denio,* 257.

If laches could be alleged against a party making an application of this kind, we agree with the learned judge below that there is no laches here.

Plaintiff's objection that defendants show no meritorious

defense is disposed of by what is said in *Mackubin & Edgerton vs. Smith*, 5 *Minn.* 372. These views determine the case and render it unnecessary for us to consider most of the positions taken in plaintiff's brief.

The order appealed from is affirmed.