DANIEL HEFFNER *vs.* HERMAN GUNZ.

April 29, 1882.

**Void Judgment—Insufficient Service of Summons.**—A judgment recovered by default, upon service of the summons by delivery of a copy to a third person not a resident at the house of defendant's abode, is void for want of jurisdiction.

**Same—Motion to Vacate—Affidavit of Merits.**—Such judgment may be set aside upon motion, without showing excuse for delay in making such motion, and without merits being disclosed.

**Same—Attachment does not give Jurisdiction.**—An attachment under Gen. St. 1878, *c.* 66, is a provisional remedy in the action, and does not confer jurisdiction to enter judgment against the defendant without a service of the summons in the manner prescribed by statute.

Appeal by plaintiff from an order of the district court for Mower county, *Farmer, J.*, presiding, setting aside a judgment herein entered on default.

*Sherman Page,* for appellant.

The proof of service of the summons was conclusive, in the absence of any affidavit of merits. *Tullis* v. *Brawley,* 3 Minn. 191, (277;) *Folsom* v. *Carli,* 5 Minn. 264, (333;) *Frasier* v. *Williams,* 15 Minn. 288; *First Nat. Bank of Hastings* v. *Rogers,* 15 Minn. 381; *Young* v. *Young,* 18 Minn. 90.

The judgment having been paid and satisfied, there was nothing left to vacate or set aside. *Cooper* v. *Galbraith,* 24 N. J. Law, 219.

*D. B. Johnson, Jr.,* and *Lafayette French,* for respondent.

DICKINSON, J. This was an action upon contract for the payment of money only. Judgment was entered upon the default of the defendant, January 27, 1881, upon proof by affidavit of service of the summons by the delivery of a copy at the place of defendant's usual abode to one Johnson, a person of suitable age and discretion, "then a resident therein." A writ of attachment was issued in the action, and a levy made under it. An execution was issued after judgment, and was returned, February 21, 1881, satisfied by a sale of property. In July, 1881, defendant, appearing specially, moved, upon affidavits and the judgment-roll, to have the judgment and all subsequent proceedings set aside for want of jurisdiction. From the order granting such motion this appeal is taken. From the affidavits presented upon such motion it appears that Johnson was a clerk of the defendant; that the service upon him was made at the house of defendant's abode, and where defendant's family then were; that Johnson was not and never had been a resident in such house; that the defendant was absent from the state when such service was made. It does not appear whether or not the summons was in fact delivered to defendant by Johnson or otherwise, or whether defendant knew of the pendency of the proceedings before judgment. No defence to the action is shown by affidavit of merits or otherwise.

The statute prescribes the mode in which the court shall acquire jurisdiction. Except in cases otherwise specifically provided for, the summons is to be served by delivering a copy "to the defendant per-

sonally, or by leaving a copy of the summons at the house of his usual abode, with some person of suitable age and discretion then resident therein." (Gen. St. 1878, c. 66, § 59.) The service in this case was not upon defendant personally, nor upon a person residing at the house of defendant's abode. The court, therefore, did not acquire jurisdiction over the person of the defendant, and the judgment was void. The judgment being void, and not merely irregular, the court was authorized to set it aside upon motion. *Lee* v. *O'Shaughnessy*, 20 Minn. 173; *Covert* v. *Clark*, 23 Minn. 539. In such a case the lapse of time is not a bar to the granting of the motion. *Lee* v. *O'Shaughnessy, supra;* 3 Wait, Pr. 730. Nor is it necessary that merits be shown on the part of the defendant. *Wendel* v. *Durbin*, 26 Wis. 390; *Mackubin* v. *Smith*, 5 Minn. 296, (367.) While, upon familiar principles of equity jurisprudence, an action in the nature of a suit in equity for relief will not be entertained in such case merely upon the ground that the judgment was void, and without showing that by it substantial injustice was done, that rule is not applicable to motions of this kind. It is only when the motion is based upon irregularities merely, and not upon want of jurisdiction, or when the favor of the court is invoked, that merits must necessarily be disclosed.

It is claimed that the judgment should be sustained upon the attachment proceedings. The judgment is *in personam*, and is void because the court did not acquire jurisdiction over the person of the defendant. The attachment was procured under Gen. St. 1878, c. 66, tit. 9, upon the ground that the defendant had departed from the state with intent to defraud creditors, and had disposed of his property with like intent. An attachment in such case, and under that statute, is only a provisional remedy in an action, prosecuted not as an independent proceeding, but in aid of the action, and "as security for the satisfaction of such judgment as the plaintiff may recover." Section 145. The action is not commenced by the attachment, but by summons; and the failure to make such service of the summons, actual or constructive, as is authorized by statute, leaves the court without jurisdiction to enter a judgment against the defendant.

The satisfaction of the judgment by levy and sale under the execution constitutes no reason why the judgment should not have been set aside as void.

Order affirmed.