ANTON MAGIN *vs.* GAYLORD LAMB, impleaded, etc.

February 28, 1890.

**Action to set aside Judgment — Want of Jurisdiction.** — An action
may be maintained to set aside a judgment upon the ground that no pro-
cess had been served, or jurisdiction acquired in any manner.

**Same—Facts to be Proved.**—In such an action, it is not incumbent on the
plaintiff to show, in addition to the want of jurisdiction, that upon the
merits of the matter the claim involved in the judgment was unjust.
Modifying an expression *obiter* in *Heffner* v. *Gunz,* 29 Minn. 108.

**Same—Action against Assignee.**—Such an action is maintainable against
the assignee of the judgment, if the plaintiff be not chargeable with
laches.

Appeal by defendant Lamb (impleaded with Marcellus Pitts and
others) from a judgment of the district court for Blue Earth county,
where the action (brought to set aside a judgment of $122.35) was
tried by *Severance,* J.

*B. D. Smith, Freeman & Pfau,* and *Hawes, Loman & Scofield,* for ap-
pellant.

*Lorin Cray* and *J. L. Washburn,* for respondent.

DICKINSON, J.   The defendant Lamb is the assignee of a judgment
heretofore entered in the district court in favor of Pitts and others
against Anton Magin.   The plaintiff, alleging that no summons was
ever served upon him in that action, that he did not appear therein,
and did not know of the judgment until its enforcement was attempted,
prosecutes this action to have the judgment set aside, and to enjoin
its enforcement.   It is conceded and claimed on both sides that this
judgment is to be deemed as having been entered against this plain-
tiff, against whom the defendants were proceeding to enforce it when
this action was commenced.   The relief sought having been granted
in this action, the defendant Lamb appealed from the judgment.
The case is presented upon the pleadings, findings of the court, and
the judgment, the evidence not being before us.

There is some controversy as to the meaning of the findings of the
court.   It appears that in the summons and complaint in the action

in which the judgment in question was rendered, the person therein named as defendant was "Anthony Magin," and the proof of service of the summons, by the affidavit of a person not having official authority to make such service, named Anthony Magin as the person served. The court found as a fact that the summons was served on Anthony Magin. There being a default to appear in that action, judgment was entered against "Anton Magin." But the court further found that neither the summons nor complaint in said action were ever served on this plaintiff. Reading the findings of the court with regard to the issue made in the pleadings, they must be deemed to have the meaning that, while the summons was served upon a person named Anthony Magin, that person was not this plaintiff, and that no summons was ever served upon this plaintiff. The legal result is that the judgment was entered without jurisdiction having been acquired of the person of this plaintiff; and, assuming him to have been the person against whom the judgment was entered, it was void. The court further finds that this plaintiff did not know of that judgment until just before the commencement of this action.

The appellant contends that in this action the judgment is assailed collaterally, and that this is not allowable. This is not a collateral, but a direct, attack upon the judgment. That is the very object of the action. It was not necessary to make the original judgment creditors parties to the action. The judgment having been assigned to Lamb, he stands in their place, and is the only party in interest.

An action is maintainable to set aside a judgment upon the ground that there was no jurisdiction for want of service of process. *Ferguson* v. *Crawford*, 70 N. Y. 253; *Arnold* v. *Hawley*, 67 Iowa, 313, (25 N. W. Rep. 259;) *Jeffery* v. *Fitch*, 46 Conn. 601; *Caruthers* v. *Hartsfield*, 3 Yerg. 366; *Hickey* v. *Stone*, 60 Ill. 458; *Johnson* v. *Coleman*, 23 Wis. 452; Freem. Judgm. (3d Ed.) § 495. That a judgment may be set aside for such cause, on motion addressed to the court in which the judgment was entered, has been determined in *Heffner* v. *Gunz*, 29 Minn. 108, (12 N. W. Rep. 342;) *Lee* v. *O'Shaughnessy*, 20 Minn. 157, (173;) and *Stocking* v. *Hanson*, 35 Minn. 207, (28 N. W. Rep. 507;) and no substantial reason can be assigned why an action should

not be entertained for this purpose as well as a motion, especially when, under our system of practice, the action is in the same court in which the judgment was rendered.

In *Lee* v. *O'Shaughnessy* and in *Heffner* v. *Gunz* it was held, the judgment being absolutely void, that it was not incumbent on the moving party to show that he had a defence on the merits to such an action. It was enough that no action had been commenced against him. It was intimated *obiter*, in the opinion in the latter case, that in a suit in equity it would be incumbent on the plaintiff to show reasons for equitable intervention beyond the bare fact of want of jurisdiction; and such was the prevailing rule when the interference of courts of equity was sought to restrain the enforcement of judgments of separate courts of law. But the reasons for any distinction in respect to the conditions upon which relief is to be granted in an *action* to restrain or vacate a judgment, and in a *motion* for the same purpose, have disappeared with the uniting of equitable and legal jurisdictions in the same court. If now a defendant, upon motion to the court rendering the judgment, may have it set aside merely because no action was ever commenced against him, there is no longer any reason why, if he prosecutes an action in the same court, for the same purpose, any different grounds for relief should be required.

If the judgment was void, and not merely irregular or erroneous, the fact that it has been assigned does not prevent relief, if the party against whom it has been entered is not chargeable with laches. The assignee stands in no better position than the assignor, unless the plaintiff's rights have been prejudiced by some fault on his part.

The point made by the appellant that this plaintiff, if not served with process, is a stranger to the judgment and cannot assail it, is inconsistent with the position taken in the answer, in which it is conceded and claimed that the judgment was rendered against this plaintiff, and was in the course of being enforced against him.

Under the findings of the court, the subject of the difference between the names of "Anthony" and "Anton" is not material. This case is controlled by the fact, as found, that no summons was served upon this plaintiff; that he did not appear in the action; and that a judg-

ment was entered which both parties concede to be against him, and which the defendant was proceeding to enforce against him.

Judgment affirmed.