SAVINGS BANK OF ST. PAUL *vs.* DANAT AUTHIER *et al.*

Submitted on briefs Nov. 23, 1892.   Decided Dec. 27, 1892.

**Summons not Served—Judgment Vacated.**

> A summons directed to the defendant was served upon another person. The latter mailed to the defendant the copy served upon him, and the defendant received it by mail. *Held* no service, and, judgment having been entered on default, the defendant was entitled to have it set aside as void on motion, without showing a meritorious defense.

Appeal by plaintiff, the Savings Bank of St. Paul, from an order of the District Court of Ramsey County, *Egan*, J., made March 29, 1892, allowing defendant E. J. Daly to file his answer in the action.

Action against Danat Authier, C. G. Carlson and E. J. Daly, defendants, upon a bond given by them to plaintiff to indemnify it against mechanics' liens upon property mortgaged to it. The sheriff of Ramsey county certified and returned that on November 19, 1891, he served the summons upon defendant E. J. Daly personally, at the city of St. Paul, by handing to and leaving with him, a true and correct copy thereof. Defendants did not appear or answer, and on December 10, 1891, judgment was entered against them for $1,159.60 and costs.

On December 21, 1891, defendant Daly made affidavit that the sheriff's return was false, that the summons was never served on him, that on December 4, 1891, he received through the mail a letter from one John E. Dailey inclosing a copy of the summons and stating it had been served on the writer by mistake, the sheriff supposing him to be one of the defendants. On this affidavit, and the letter, and the affidavit of the writer, he moved the court to set aside

the judgment and allow him to answer. On March 29, 1892, the trial court made an order allowing defendant E. J. Daly five days from that date in which to serve and file an answer, on condition that he give a bond to be approved by the court, conditioned to pay any judgment the plaintiff might recover against him in the action, and that meantime the judgment should stand as such security. From this order plaintiff appeals.

*O. H. Comfort,* for appellant.

The moving papers show a completed, actual service upon E. J. Daly six days before the entry of the judgment. There is no statement in any of the papers to the effect that Daly ever had any defense, consulted any attorney, or ever proposed to make such defense, if he had any. On December 4, 1891, the mail carrier delivered the summons to Daly under circumstances sufficient to notify him that "service" was intended. *Frear* v. *Heichert,* 34 Minn. 96.

*Williams & Schoonmaker,* for respondent.

The motion papers contained no affidavit of merits. They presented a simple case of a direct attack upon a judgment absolutely void, for want of jurisdiction of the court to render it. The defendant appeared specially before the court, insisting upon a legal right, and not craving a favor. Under such circumstances the court ought either to have denied the motion, or vacated the judgment without terms or conditions. Defendant was legally entitled to the relief demanded, without being required to submit to any terms whatever. Notwithstanding this, Daly complied with the conditions of the order within two days.

The fact that this defendant got the summons in the letter from John E. Dailey did not make a legal service. *Goggs* v. *Lord Huntingtower,* 12 M. & W. 503; *Williams* v. *Van Valkenburg,* 16 How. Pr. 144; *Heffner* v. *Gunz,* 29 Minn. 108.

DICKINSON, J. This is an appeal from an order setting aside a judgment entered upon default against the above-named respondent and another in the district court.

The court was right in setting aside the judgment, for no jurisdiction over the defendant had been acquired by a service of the summons upon him.   It was shown so as to leave no room for doubt that the service, upon proof of which the judgment was entered, was really made upon another person,—one John E. Dailey.   The latter, discovering the mistake, mailed to the defendant the copy of the summons served upon him, with a letter explaining the matter.   The copy so sent by mail was received by the defendant before the entry of of the judgment.   Within a few days after the entry of the judgment the application was made to set it aside.

The facts as to the service being as above stated, it is perfectly useless to try to sustain the judgment, or to oppose the order setting it aside.   The transmission of the summons by mail was wholly unauthorized by law as a mode of service, and of no more effect, although the defendant received it, than would have been his finding it in the street if it had been lost.   The statute not only prescribes that service shall be made by delivering a copy thereof to the defendant personally, (special provision being, however, made for a different mode of service at the house of his usual abode,) but it in terms declares that the provision with reference to the service by mail of notices and other papers in actions shall not apply to the service of a summons.   1878 G. S. ch. 66, §§ 59, 78.

The judgment being void for want of jurisdiction, the respondent was entitled to have it set aside, even though he made no showing of a meritorious defense.   *Heffner* v. *Gunz*, 29 Minn. 108, (12 N. W. Rep. 342.)

As the judgment might properly have been set aside without condition, the appellant has no reason to complain that conditions were imposed upon the respondent not prejudicial to the appellant.   He cannot complain that the respondent was allowed to answer, interposing any defense which he might then have.

Order affirmed.

(Opinion published 53 N. W. Rep. 812.)