JOHN BRECKKE v. DULUTH LOG COMPANY.[1]

May 17, 1907.

Nos. 15,159—(122).

**Logs—Attachment.**

> The attachment proceedings prescribed for the enforcement of liens on logs and lumber (sections 3524 to 3540, inclusive, R. L. 1905) are governed by the provisions of section 4215 as to the time of issuing the writ, except as modified by section 3526. The remedy is provisional, and the issuance of the writ is not jurisdictional. It may issue at the time of issuing the summons, or at any time thereafter within ninety days from the time of filing the lien.

Appeal by plaintiff from a judgment of the district court for Aitkin county entered pursuant to the verdict of the jury as to the value of the logs and the findings of McClenahan, J. Reversed.

*J. C. Hessian,* for appellant.

*F. W. Hall,* for respondent.

LEWIS, J.

This action was commenced to enforce a mechanic's lien for $10.88, with interest, for wages claimed to have been earned with reference to labor performed on certain logs and timber. A verdict of $10.98 was returned for appellant, and the court found, as additional facts, that the action was commenced April 9, 1906, and that thereupon a writ of attachment in due form was issued on April 23, 1906, and the logs in question levied upon by the sheriff. The court found as a matter of law that, while appellant was entitled to a judgment against respondent for the amount of the verdict, he was not entitled to enforce any lien against the logs, for the reason that the attachment proceedings were not undertaken until after commencement of the action, and that the court acquired no jurisdiction to enforce such a lien. By section 3526, R. L. 1905, the lien lapses after ninety days, unless within that time an action shall be commenced for its enforcement. Section 3527 provides:

[1] Reported in 111 N. W. 949.

Said lien shall be enforced by attaching the property subject thereto in a civil action in the district court    *    *    *    and such attachment to be governed by the rules regulating ordinary attachment proceedings in the district court, except as in this chapter otherwise provided. But no bond or other security shall be required of the plaintiff as a condition of obtaining such writ.

Section 3531 provides that the complaint shall allege the facts upon which the plaintiff's right to a lien depends, and that the averments thereof shall be taken as true unless expressly denied by the answer. There is nothing in the lien act requiring the attachment to issue with the commencement of the action, and hence the statute (section 4215) regulating ordinary attachments is controlling. According to this section the attachment may issue at the time of issuing the summons, or any time thereafter. The writ is provisional, and not jurisdictional. Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342. Section 4215 is modified by section 3526. The latter section does not change the nature of the writ as a provisional remedy, but limits the time within which the lien can be enforced, viz., by commencing the action and causing the writ to issue within ninety days.

Reversed.