**BEACHLER et, Plaintiffs-Appellees v. FORD et, Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

Nos. 617 and 618.    Decided February 2, 1945.

610

Murphy & Staley, Greenville, George W. Porter, Greenville, for appellees.

Wilbur D. Spidel, Greenville, for appellants.

## OPINION

By GUERNSEY, J.

Cause Number 617 involves an appeal on questions of law, by Charles C. Ford and E. T. Ford, from a judgment of the Common Pleas Court of Darke County, Ohio, in an action pending therein, being Cause No. 31017 in said court, wherein Mary E. Beachler and others were plaintiffs and the said Charles C. Ford and E. T. Ford and others were defendants, overruling separate motions, amendments to said motions, and supplemental motions of the defendant Charles C. Ford and E. T. Ford, all filed within the term the verdict and judgment were rendered, to set aside the verdict and judgment rendered in said cause, and grant said defendants a new trial thereof.

The subject matter of the action is the contest of the will of W. H. Ford, a brother of said defendants.

Cause No. 618 involves the separate appeals of the defendants Charles C. Ford and E. T. Ford, from a judgment of the Common Pleas Court of Darke County, Ohio, in an action pending therein, being Cause No. 31018 in said court, wherein Mary E. Beachler and others were plaintiffs and the said Charles C. Ford and E. T. Ford and others were defendants, overruling the separate motions of the defendants Charles C. Ford and E. T. Ford, and the amendments to said motions, and supplemental motions to set aside the judgment rendered in said cause, and grant defendants a new trial thereof.

The subject matter of the action is the setting aside of a deed of real estate, executed and delivered by the decedent W. H. Ford to the defendant Charles C. Ford, upon the ground that said W. H. Ford was incompetent to execute and deliver such deed and for the partition of said premises.

The parties to both actions are the same, and by agreement of the parties the motions in both the cases were heard

and submitted together, and as the legal questions raised by the separate appeals in both actions are practically the same, the appeals in both cases will be considered together in this opinion.

In Cause No. 617 the plaintiffs in their petition allege that on the 11th day of November, 1941, W. H. Ford died, leaving an estate and leaving the plaintiffs, and defendants Charles C. Ford and E. T. Ford his only heirs at law and next of kin; that on the 16th day of February, 1942, a writing purporting to be the last will and testament of W. H. Ford, dated the 18th day of June, 1934, was admitted to probate, and letters testamentary issued to Charles C. Ford who qualified as executor, and that by the terms of said paper writing the defendants Charles C. Ford and E. T. Ford, and Joseph Ford who predeceased W. H. Ford, are named as the several legatees and devisees of W. H. Ford, deceased.

Plaintiffs further allege that said paper writing was not the last will and testament of W. H. Ford, and pray that an issue be made as to whether or not such paper writing is the last will and testament of W. H. Ford, deceased, and that the same be set aside.

Summons on said petition was duly issued for, and served upon, the defendants Charles C. Ford and Charles C. Ford as executor of the estate of W. H. Ford, deceased.

An affidavit for constructive service upon the defendant E. T. Ford was duly filed in said cause, said affidavit being in the words and figures following, to-wit:

"AFFIDAVIT FOR CONSTRUCTIVE SERVICE.
"State of Ohio,
Darke county, ss:
"MARY E. BEACHLER, being first duly sworn on her oath, deposes and says that the defendant, E. T. Ford, resides at Red Key, Indiana, and that the defendant, F. F. Wassam, administrator of the estate of Joseph Ford, deceased, resides at 3216 Home Avenue, Marion, Indiana, and that by reason thereof, service of summons cannot be made upon said defendants; that this is an action to contest the will of W. H. Ford, deceased, and is one of those actions provided for in §11292 GC.
"Further affiant saith not.
Mary E. Beachler."

Pursuant to said affidavit, advertisement for service by publication on the said E. T. Ford was duly published in the

issue of the Greenville Daily Advocate of June 23, 1942, and mailed to said E. T. Ford at Red Key, Indiana.

Neither of the defendants, Charles C. Ford and E. T. Ford filed a demurrer or answer to said petition within rule, and said defendants being in default for answer or demurrer, the court assigned said cause for trial on October 6, 1942. Neither of the defendants had notice of such assignment and neither appeared at the trial of said cause.

On the trial of said cause, it appearing to the court that no issue had been made up by the pleadings, to be tried to the jury, it was ordered that the following issue of fact be submitted and tried by the jury, to-wit:

"Is the writing produced the last will and testament of W. H. Ford, deceased?"

Trial was then had to a jury, on the issue made by the court with reference to the validity of the will, and the jury, upon the trial, found that said paper writing admitted to probate was not the last will and testament of W. H. Ford.

The verdict of the jury was returned on October 6, 1942, and on October 10, 1942, the Common Pleas Court made a journal entry reciting that the jury having rendered a verdict for the contestants, and no motion for new trial having been made, it is by the court decreed that the writing produced purporting to be the last will of W. H. Ford is not his valid last will and testament.

Thereafter, on December 4, 1942, a motion duly sworn to by him was filed by defendant Charles C. Ford in said cause asking that the court set aside the verdict of the jury rendered October 6th, 1942 and the judgment of the court entered on the 10th day of October, 1942, for the stated reasons:—That said verdict and judgment were procured by false testimony presented in the absence of the defendant Charles C. Ford when he was under the erroneous impression that it was unnecessary for him to appear and defend said action after having been served with summons; that the verdict of the jury and the judgment of the court is contrary to the evidence and against the manifest weight thereof; that at the time of the execution of the will in question in the case W. H. Ford was possessed of sufficient mind and intelligence to properly make and execute a last will and testament; that the defendant Charles C. Ford is a man of advanced years and infirm, and various persons advised him as to what to do when he was named party defendant in the action, and that he was con-

fused by the entire proceedings and was under the erroneous impression that by reason of the fact that his brother W. H. Ford had executed a deed to him for the real estate and had given him the other personal property it would be unnecessary for him to appear and contest the action; that there is irregularity in the proceedings in the case in the service by publication; and that there is no lawful evidence to support the verdict and judgment of the court.

In his motion he averred that he is now ready, able and willing to deposit in the office of the Clerk of Courts, sufficient money to guarantee all costs in the case, costs of administration, and reasonable attorney fees incurred by reason of his failure to answer in the action and defend the same.

In and with his motion he tendered his answer to the petition and asked leave that the same be filed and that a new trial be granted for the furtherance of justice. In the answer tendered by him, the said Charles C. Ford admitted only the execution by W. H. Ford, of his last will and testament, as set forth in the petition, and denied all allegations in the petition contained, not expressly admitted to be true.

On January 4, 1943, Charles C. Ford filed a motion designated by him as an amendment to motion and supplemental motion to set aside verdict and vacate judgment and for a new trial.

In the amended and supplemental motion he asked that the verdict of the jury and the judgment of the court be set aside, and for a new trial in said cause, for the reasons:

1. Said hearing, verdict and judgment by default was had before said cause regularly stood for trial pursuant to law.

2. Defect in the affidavit for service by publication in that it did not recite that service could not be had upon the defendant, within the State of Ohio.

3. Said verdict and judgment are not sustained by the evidence and are contrary to law, there being insufficient evidence offered by plaintiff to overcome the presumption in favor of the will by reason of its admission to probate.

4. Because defendant had no notice of said hearing through his counsel of record, until the date of said hearing; that the defendant is an old man living alone, has no means of conveyance and was unable to be present at said hearing and make an adequate defense thereto.

5. Because of other errors and irregularities apparent on the face of the record.

6. Because defendant filed this motion within the term and defendant has a full, complete and adequate defense to

said action which is based upon testimony known by defendant and by plaintiffs to be false when presented.

On December 16, 1942, the defendant E. T. Ford filed a motion in said cause duly sworn to by his attorney to set aside the verdict of the jury and the judgment of the court entered in the case, for the following reasons:

1. Said judgment was rendered without other service on this defendant than by publication in a newspaper, within the present term of court, and the defendant had no actual notice of the pendency of the action until after said judgment had been entered on the dockets of the court.

2. Said verdict and judgment were procured by false testimony presented in the absence of the defendant, and the verdict of the jury and judgment of the court is contrary to the evidence and against the manifest weight of the evidence.

3. Because of all other reasons apparent on the face of the record.

4. Because the defendant has a good and adequate defense to said action.

By and with the motion he tendered answer to the petition, to the same general effect as the answer tendered by the defendant Charles C. Ford, and in his motion he further offered to secure all court costs and pay all costs in said case to date, in event his application is well taken.

On January 4th, 1943, the defendant E. T. Ford filed a motion which he designated as amendment to motion and supplemental motion to set aside verdict, vacate judgment, and for new trial, in which he states that he is the only living brother of Charles C. Ford who is a bachelor and has lived alone for a number of years; that said Charles C. Ford has a poor memory, is aged and infirm, and that he appears here as a friend of the court and as next friend of Charles C. Ford to assist him in the defense of the within action; that this defendant E. T. Ford did not have notice of the default judgment herein and the failure of Charles C. Ford to appear, until after the entry of the verdict and judgment, and requested the court for a separate hearing as to the competency of Charles C. Ford at the time of the proceedings against him, and that the interests of said Charles C. Ford and whether or not Charles C. Ford was of sound mind and able to properly defend himself at the time of the entry of the within judgment. This motion was duly sworn to by his attorney.

Summons on petition in case No. 31018 in the Common Pleas Court, being case No. 618 in this court, was duly issued for, and served upon, the defendant Charles C. Ford, and

Charles C. Ford, executor of the estate of W. H. Ford, deceased.

An affidavit for constructive service on the defendant E. T. Ford was duly filed in said cause, said affidavit being in the same general form as the affidavit for constructive service in case No. 31017 in the Common Pleas Court, being case No. 617 in this court.

Pursuant to said affidavit, advertisement for service by publication on the said E. T. Ford was duly published in the issue of the Greenville Daily Advocate of June 23, 1942, and mailed to said E. T. Ford at Red Key, Indiana.

Neither of the defendants Charles C. Ford and E. T. Ford filed a demurrer or answer to said petition, within rule, and said defendants being in default for answer or demurrer the court assigned said cause for trial on October 6, 1942. Neither of the defendants had notice of such assignment and neither appeared at the trial of said cause.

Said cause was tried by the court upon the same evidence introduced in case No. 31017, and the court, on said trial, found from the evidence, on the first cause of action pleaded in the petition, that on the 2nd day of July, 1934, said W. H. Ford executed a deed for the premises described in the petition, to Charles C. Ford, and that at said time said W. H. Ford was incompetent, as alleged in the first cause of action in the petition, and that by reason thereof said deed should be set aside, and rendered judgment on said first cause of action setting aside said deed.

On the second cause of action the court found that the plaintiff, and the defendants Charles C. Ford and E. T. Ford were the owners of the real estate in the petition described, and determined their respective interests therein; and further found that there was sufficient personal property in the estate of W. H. Ford, deceased, to pay his indebtedness, and that the plaintiffs are entitled to partition of said real estate, as prayed for in the petition, and rendered judgment ordering partition of said premises.

On December 4, 1942, and within term, the defendant Charles C. Ford filed his motion in said cause to vacate judgment and sale proceedings, and for new trial.

In his motion he avers that he is the owner of said premises and when said premises were conveyed to him by said deed he was under the impression and advised by various persons that he had a fee simple title to said real estate, and no matter what proceedings were brought against him said real estate could not be taken from him, and that because of this

erroneous impression he did not appear in answer to the summons issued against him in the case and did not have his day in court in the within cause; and that the judgment in the cause is not based upon facts but based upon false testimony as to the incompetency of W. H. Ford, deceased, and the failure of any consideration passing for the conveyance.

In the motion, he further averred that in truth and in fact W. H. Ford, at the time of said conveyance, was not incompetent and was fully able to transact business.

In his motion, he further averred that he is now ready, able and willing to deposit in the office of the Clerk of Courts sufficient money to guarantee payment of all court costs in the action on a rehearing, and to pay all court costs incurred in his failure to answer within the time provided in the summons served upon him, and also tendered in and with his motion, his answer to the petition and asked leave that the same be filed and that a new trial be granted for the furtherance of justice.

The answer tendered amounts to a general denial of the allegations of the petition.

In his motion, he further averred that the judgment in partition in the cause was rendered without authority and before the expiration of a year from the death of the decedent, and without proof that there was sufficient personal property to pay the debts of the estate of W. H. Ford, deceased, and that said judgment is irregular. He asks that the judgment he set aside because of the various matters set forth in the motion, and other errors apparent on the face of the record.

On the same date, to-wit, December 4, 1942, the defendant E. T. Ford filed his motion in the cause, to vacate judgment and sale proceedings, and for new trial.

In his motion he avers specifically various grounds for the setting aside of said judgment which are averred generally in the motion to vacate filed by Charles C. Ford, and a further ground that said judgment should be set aside because it was entered without notice to him and without service upon him other than by publication in a newspaper, within the term of court in which the motion was filed.

In his motion he makes an offer for the payment of costs, similar to the offer made in the motion of Charles C. Ford, and tenders an answer similar to the answer tendered by Charles C. Ford.

On January 4, 1943, Charles C. Ford filed a motion in the cause designated as "Amendment to motion heretofore filed

and supplemental motion to vacate judgment and sale proceedings."

In the said motion he sets forth certain additional grounds for the vacation of said judgment as follows:

1. Because said judgment entry of October 8th was entered before said cause regularly stood for trial on the trial docket.

2. Because no notice of the assignment of said cause was given to his counsel of record, as provided for by rule of court.

3. Because no assignment was ever made of said cause prior to the date of said hearing of October 6th or 8th, 1942.

4. Because of defect of parties defendant, there being an executor of Will Ford who was a necessary party defendant and was not named as party defendant or served with summons.

5. Because the court did not have jurisdiction of all of the necessary parties to said action.

6. Because the affidavit for service by publication was defective in not stating that the defendant could not be served with summons in the State of Ohio.

7. Because there was no evidence presented in said cause in support of the judgment as to failure of consideration, or that the grantor of the deed was incompetent, and no offer was made to tender back consideration paid by grantee known to plaintiffs.

8. Because the court lacked jurisdiction to render judgment on October 8th without evidence being submitted that all of the debts of the estate of Will Ford had been paid, or that there was sufficient personal property to pay said debts.

9. Because of all other errors and irregularities apparent on the face of the record.

On the same date, to-wit, January 4, 1943, E. T. Ford filed a motion in the case designated "Amendment to motion heretofore filed and supplemental motion to vacate judgment and sale proceedings." In this motion E. T. Ford asserts the same grounds for the vacation of said judgment, as asserted by Charles C. Ford in his amendment to motion and supplemental motion, and an additional ground, as follows:

"E. T. Ford, being the only brother and next friend of Charles C. Ford, says there is question regarding the competency and soundness of mind of Charles C. Ford at the time of the proceedings herein, and that this defendant, as a friend of the court, requests a full hearing with respect to same as a ground for vacating said judgment."

As heretofore mentioned, all of the various motions in both cases were heard and submitted together upon the same evidence and stipulations of counsel, which are embodied in a bill of exceptions filed in each case herein. All of said motions were overruled by the court and the appeals in both cases are taken from the judgment of the court overruling said motions.

Insofar as the various motions made in both cases by Charles C. Ford are concerned, we deem it sufficient to say, without discussing the grounds or reasons in detail, that it does not affirmatively appear of record that the trial court erred to the prejudice of Charles C. Ford in overruling the same.

The same holding is applicable to the various motions filed by E. T. Ford in both cases, except insofar as the ground is concerned which is mentioned specifically in his amendment to motion and supplemental motion filed in cause number 31018, and set forth generally in his amendment to motion and supplemental motion filed in cause number 31017, for vacation of judgment because the affidavit for service by publication was defective in not stating that the defendant could not be served with summons in the State of Ohio.

"Substituted service and service by publication was unknown to the common law but depends upon statutory authorization, and the principle of statutory construction that there must be strict compliance with enactments modifying the course of common law in regard to legal proceedings is exemplified in the cases involving the construction and applications of provisions authorizing substituted and constructive service. When, by the local law, substituted or constructive service is in certain situations substituted in the place of personal service when the latter is inconvenient or impossible, a strict and literal compliance with the provisions of the law must be shown in order to support the judgment based on such substituted or constructive service. Jurisdiction is not to be assumed and exercised on the general ground that the subject matter of the suit is within the power of the court. The inquiry must be as to whether the requisites of the statute have been complied with, and such compliance must appear on the record. The fact that the defendant had actual knowledge of attempted service does not render the service effectual if in fact the process was not served in accordance with the requirements of the statute." Vol. 42, American Jurisprudence, Process, Section 66, pages 55, 56.

The holdings of the courts of Ohio are in accord with the rule above mentioned.

**Vol. 32, O. Jur., Process, Sec. 67, p 456.**

Millis v Millis, 17 Ohio Nisi Prius (N. S.), 254.

**Morton v Bavezac, 20 Oh Ap, page 427, at page 431.**

Welch v Farmers Loan & Trust Company, Vol. 165 Federal Reports, page 561 at page 562.

The statute providing for service by publication is §11293 GC, which reads as follows:

"Before service by publication can be made, an affidavit must be filed that service of summons cannot be made within this state on the defendant sought to be served, and that the case is one of those mentioned in the next preceding section."

The affidavit for constructive service filed in each of the cases charges that the defendant E. T. Ford resides at Red Key, Indiana, "and that by reason thereof, service of summons cannot be had upon him." The mere fact that the defendant resided in Indiana would not preclude service being made upon him in Ohio, as the statutes of Ohio permit service of summons on a non-resident defendant within the State and it is a matter of common knowledge that services of summons on non-resident defendants are frequently made within the state, and consequently the recital mentioned is not equivalent to an averment that service of summons cannot be made within this state on the defendant sought to be served, as required by statute.

As the provisions of the statute were not complied with, the service by publication attempted to be made, was, under the authorities mentioned, void and the court did not acquire jurisdiction over the defendant E. T. Ford. 31 Am. Jur., Judgments, 301, 302 and 303. Sections 764, 765, 766 and cases cited under Note 7 to Section 765 and Note 18 to Section 766.

In both of the cases the defendant E. T. Ford tendered meritorious defenses by way of answers amounting to general denials. The tender of such a defense is necessary in the ordinary proceeding to vacate a judgment but in cases, such as the instant cases, where the ground for vacation is that the court rendering the judgment sought to be vacated was without jurisdiction of the defendant by reason of failure to comply with the requirements of law as to service of process, such tender was unnecessary. Heffner v Gunz, 29 Minn. 108,

12 N. W. 342. Savings Bank v Arthur et al., Supreme Court of Minnesota, 53 N. W. 812.

For the reasons mentioned, the defendant E. T. Ford was entitled to have the judgment in each of said cases vacated on the ground mentioned.

In the case of **Bradford v Andrews, et al, 20 Oh St 208,** at page 219, the Supreme Court held that the interest of the parties in a will contest is joint and inseparable; that such contest is substantially a proceeding in rem, and the court cannot take jurisdiction of the subject matter by fractions; and that the will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside.

In the light of this holding it is obvious that the vacation of the judgment in the will contest case as to the defendant E. T. Ford will have the effect of vacating it to all the parties and the cause will stand in the same manner as if no judgment had been rendered, with the right of any person interested, including the defendant Charles C. Ford, to plead and prosecute or plead and defend accordingly.

The action to set aside the deed upon the ground of the mental incapacity of the grantor has the same characteristics as the action to set aside the will, so that the same rules are applicable in that case to the rights of the parties upon the vacation of the judgment upon the motion of the defendant E. T. Ford.

The plaintiff-appellee, however, contends that the defendant E. T. Ford has not been aggrieved by the final orders of the Common Pleas Court overruling his motions to vacate the judgments in the will contest case and in the action to set aside the deed, for the reason that under the provisions of the will he receives only one dollar, and under the provisions of the deed nothing, while under the judgments setting the will and deed aside he will receive a much greater amount.

In support of this contention the appellee cites the case of the **Ohio Contract Carriers' Association, Inc. v Public Utilities Commission of Ohio, 140 Oh St 160,** in which it is held that appeal lies only on behalf of a party aggrieved by the final order appealed from and appeals are not allowed for the purpose of settling abstract questions but only to correct errors injuriously affecting the appellant.

The statement of facts in the above case discloses that the appeal in question was taken from an order of the Public Utilities Commission relating to the fixing of a Toledo metro-

politan zone for the operation of service by regular and irregular route motor transportation companies certificated to transport property.

It further discloses that the appellant in said cause was an Ohio corporation not for profit, whose membership is composed of approximately ten per cent of the contract carriers by motor vehicle operating under permits issued by the Public Utilities Commission of Ohio, and that appellant did not hold any permit from the Commission nor did it appear that it was an owner of any stock or interest in any permit holder, and it did not claim to represent any specific permit holder.

In the opinion it is stated: "The record discloses no interest of any kind of appellant which is or could be affected by the commission's orders."

From the statement of facts and the quoted portion of the opinion it appears that the appellant was not an interested, necessary or proper party to the original proceeding and consequently could not be in any way aggrieved by the order made therein, thus differing from the two cases under consideration in which the appellant E. T. Ford not only has a present interest in the subject matters of the litigation but is a necessary and proper party.

The appellant E. T. Ford being an interested, necessary and proper party to both cases, having a present interest in the subject matters of the litigation, our next inquiry must be directed to the question as to whether he was, as a matter of law, "aggrieved" by the judgments overruling his motions to vacate the judgments rendered in said causes.

"A party is aggrieved if he would have had the thing if the erroneous judgment had not been given. Or, as it is sometimes put, in a legal sense a party is aggrieved by a judgment or decree whenever it operates on his right of property or bears directly on his interest." 2 Am. Jur., Appeal and Error, page 945.

Whether the appellant E. T. Ford would be pecuniarily benefited by the relief that might be afforded him on his appeals is not a proper test for determining whether he was "aggrieved" by the judgments overruling his motions to vacate, but the true test is whether legal rights of the appellant were invaded by the orders overruling such motions.

Appellant had the legal right, as a beneficiary under said will, to defend the action to set aside the will, and upon the failure of plaintiff to procure proper service of process upon him had the further legal right to move for the vacation of the judgment setting the will aside. Appellant also had the

legal right to defend the action to set aside the deed and upon failure of plaintiff to procure proper service of process upon him, the further legal right to move for the vacation thereof. These legal rights were invaded by the judgments of the court overruling his motions to vacate and he is, as a matter of law, aggrieved by said judgments and consequently has the right to appeal therefrom.

For the reasons mentioned, we find that the Common Pleas Court did not err in its orders overruling the motions of the defendant Charles C. Ford to vacate the judgments in question, and said orders overruling said motions will therefore, insofar as the defendant Charles C. Ford is concerned, be affirmed, at his costs; but we further find that the Common Pleas Court erred in its orders overruling the motions of the defendant E. T. Ford to vacate the judgments in each of said causes in that said orders are contrary to law, and for these errors said orders will be reversed, and this court, rendering the judgments the Common Pleas Court should have rendered, will enter final judgments vacating the orders in question in both cases on the motion of the defendant E. T. Ford, at the costs of the appellee, and both said causes will be remanded for further proceedings according to law in accordance with this opinion.

HORNBECK and GEIGER, JJ. concur.

## APPLICATION FOR REHEARING

Decided February 27, 1945.

Guernsey, J., of the Third Appellate District, sitting by designation.

BY THE COURT:

These causes are submitted to the court on the applications of plaintiffs-appellees in both of the above captioned causes for a rehearing of said causes. The applications are based upon the following grounds:

1. If said judgments against E. T. Ford are void because of defective service, as heretofore found by this court, then said E. T. Ford, by subsequent actions, has waived the question of want of jurisdiction over his person and has entered his appearance in these cases, and cannot now be heard to complain because of said judgments.

2. Said E. T. Ford entered his appearance in both of said cases by filing a motion before said judgments were rendered and, therefore, was properly before the court when said judgments were rendered.

3. The holding of the Court of Appeals is contrary to §11364 GC, and the decisions announced thereunder.

These grounds will be considered in the order mentioned.

1. The various motions filed by E. T. Ford were filed after the entry of judgments in each of the cases, and after the periods in which motion for new trials might be filed had expired.

The motions were filed during term, to vacate the judgments upon the grounds, among others, that service upon the said E. T. Ford was defective, that is, that by reason of the affidavit for service by publication being defective, the court did not have jurisdiction of his person.

The motions were predicated upon the common law and not upon statutory provisions.

The appeals taken by E. T. Ford were from the order overruling the motions to vacate the judgments, and not from the original judgments in the cases.

While the notices of appeals given by E. T. Ford designate .the appeals as upon questions of law and fact, and bond for appeal was given in each case, the nature of the proceedings in which the orders appealed from were made was such that appeals on questions of law and fact did not lie and the appeals constituted appeals on questions of law only and were so perfected and submitted.

If E. T. Ford had based his rights to have such judgments vacated, upon irregularities or errors in the judgments alone the motions themselves would have constituted such appearances as would have the effect of waiving the questions of jurisdiction, but as he based his rights to relief on the additional ground of want of jurisdiction, the motions did not constitute such appearances as would have the effect of waiving the question of the jurisdiction of the court to render such judgments at the time the judgments were rendered. **Marsden v. Soper, 11 Oh St 503.**

However, such motions being based on irregularities and errors in the judgments, in addition to alleged want of jurisdiction, did constitute non-retroactive entries of appearances of E. T. Ford as a party defendant in said causes, and while such non-retroactive entries of appearance did not have the effect of remedying the want of jurisdiction in the court at the time the judgments were rendered they did have the effect of conferring jurisdiction of the person of E. T. Ford upon the court in all subsequent proceedings in said causes.

While appeals from the original judgments would have

constituted general entries of appearance in the actions, the appeals from the orders overruling the motions to vacate simply constituted entries of appearance insofar as such orders were concerned.

For the reasons mentioned, the filing of said motions and notices of appeal and the giving of such appeal bonds by E. T. Ford did not constitute such entries of appearance by him in the actions as would preclude him from the relief by way of vacation of judgments afforded him on his appeals from the judgments overruling said motions.

2. Insofar as plaintiffs-appellees contention that the appearance of E. T. Ford was entered by Goubeaux and Goubeaux, attorneys, moving for an order "on behalf of Charles C. Ford, et al., defendants", requiring plaintiffs to deposit court costs, is concerned, the evidence tends to prove, and it was conceded by counsel on the submission of the case, that Goubeaux and Goubeaux did not represent E. T. Ford in said actions.

3. As the court did not have jurisdiction of the person of the defendant E. T. Ford, his substantial rights were affected by the rendition of the judgments against him and his substantial rights being affected thereby the error in the rendition of the judgments does not come within the classes of errors or defects prescribed by §11364 GC.

For the reasons mentioned, the applications for rehearing in both the above captioned cases are denied.

HORNBECK and GEIGER, JJ., and GUERNSEY, J., concur.