JOSEPH FINEGAN, APPELLANT, vs. THE MAYOR AND ALDERMEN OF THE CITY OF FERNANDINA, APPELLEES.

A Court of Equity has no jurisdiction to enjoin proceedings on a mandamus, where the parties seeking redress by such proceedings are not the plaintiffs in equity.

Appeal from the Circuit Court for Nassau county.
The facts are sufficiently stated in the opinion.

*Fleming & Daniel* for Appellant.

*R. M. Smith* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

It appears from the bill in this case that in 1860 a bond was given by one Thomas D. Hawkins, as mayor of the city of Fernandina, Florida, to Joseph Finegan, which bond purported to obligate the city to pay Finegan, at certain times and before the 4th day of October, 1863, $3,300, which bond recited that the same was for the purchase of certain lots of land for the city.

It further appears that no money was ever paid upon said bond, and that no suit at law was ever commenced

thereon, but that on the 13th day of November, 1866, said Finegan, as relator, filed a petition in the Suwannee Circuit Court for Nassau county, Florida, for a mandamus to compel said city to pay said bond; that on the 13th day of November, 1866, the court issued an alternative writ of mandamus as prayed for by said petitioner; that on the 26th of November, 1866, the parties, upon whom said writ was served, filed an answer thereto, denying any indebtedness to said Finegan, and all the material allegations of said petition; that on the 31st of December, 1866, the Clerk of the Court issued a peremptory mandamus to the said parties to levy a tax to pay the said sum of money.

It further appears that said writ has never been enforced, though several attempts have been made by the relator to procure the enforcement of the same, up to the spring term, 1873, from which time, for five years, and up to the spring term, 1878, the said writ was allowed to sleep.

The bill further alleges that no formal judgment was ever entered up against respondents in said mandamus proceeding.

On January 24, 1879, respondents filed a bill, to which they filed an amendment on April 7, 1879, the prayer of which amended bill was for an injunction to restrain the enforcement of said writ issued in 1866, which prayer read as follows, to-wit:

" To grant unto your orators a writ of injunction, to be directed unto the said Joseph Finegan, his attorneys, solicitors, officers or agents, perpetually enjoining each and all of said persons from any further action or proceeding to enforce the said writ of mandamus issued on the 31st of December, 1866, upon the petition of said Joseph Finegan, against the said city of Fernandina; and that your Honor will vacate or set aside and dismiss the said peremptory

writ of mandamus of December 31, 1866, and decree the same null and void."

The other allegations of said bill were briefly and in substance:

1. That at the time of the issuance of said peremptory writ of mandamus, December 31, 1866, there was no legal organization of any city government known as the city of Fernandina; that the organization that then existed was not made in accordance with any charter or law of the State, but was a temporary organization of the people for temporary protection, and could not be made responsible for liabilities that may have been incurred by some other government.

2. That said bond was fraudulently issued in that the same was issued without authority of law and without any consideration.

3. That appellant never gave in return for said bond his bond, or any other binding obligation, or any consideration of any kind.

4. That if said bond was for the purchase-money of certain lots, said Finegan, at the time of the filing his petition for said mandamus, could not have given the said city any title to or possession of said lots.

5. That the claim of said Finegan upon said bond was a disputed and unadjudicated claim.

6. That no judgment at law had ever been obtained upon said bond.

7. That said writ was obtained in an irregular and fraudulent manner in that at the time of the issuance of said alternative writ no petition or bill was on file in court asking or praying for the same, and that said peremptory writ was issued without any order of any Judge or competent officer of any court.

8. That the court was acting without authority or jurisdiction.

And that prior to the issuance of said writ no trial by jury, or by reference, or by the court, or in any manner, was ever had to determine the facts alleged in the said petition praying for the said writ of mandamus. And that the said City of Fernandina, though filing an answer denying any indebtedness to the said Finegan, was never afforded any opportunity, in any manner, to defend itself against the issuance of said peremptory writ; and, in fact, never had any day in court.

To the said bill appellants demurred, which demurrer was overruled; and after due notice, motion was made for an injunction, based upon the allegations of the bill and exhibits thereto, which motion, after argument by counsel for both parties, was granted by the court allowing a temporary injunction, after which appellant filed an answer to said bill denying the material allegations thereof, and moved the court upon said bill and answer to dissolve the said injunction, which motion was denied, from which order, and the order overruling the said demurrer, this appeal has been taken.

" Fraud, accident, mistake and discovery are four of the principal grounds upon which injunctions may be applied for to stay proceedings at law, and it is to be observed that an injunction to restrain proceedings at law, when awarded, does not deny but admits the jurisdiction of the courts of the common law ; and the ground upon which it issues is that they are making use of their jurisdiction contrary to equity and good conscience." 2 Daniell's Ch. Pl. and Pr., 5 Am. Ed., 1624.

We may remark, upon a careful examination of this case, that every alleged defence against the bond referred to was available in the mandamus proceedings, including the ques-

tion of jurisdiction, and every irregularity and every erroneous ruling of the court were remediable at law.   The laches of the complainants in neglecting to avail themselves of the adequate legal remedies at their disposal, give them no standing in a court of equity.   12 Fla., 185.

Daniell, in the same book above quoted, p. 1620, says: " The court has no jurisdiction to grant an injunction to stay proceedings on a mandamus, an indictment, an information, or a writ of prohibition ; but this restriction applies only to cases where the parties seeking redress by such proceedings are not the plaintiffs in equity."

This court, in County Commissioners vs. Bryson, 13 Fla., 281–5, had occasion to cite the same authority upon this question.   As the plaintiffs in equity were not the plaintiffs or relators in the mandamus proceedings, the restriction of the equity jurisdiction must apply in the present case, and is conclusive against the complainants.

The decrees overruling the demurrer and granting the injunction, and denying the motion to dissolve, are reversed and the cause remanded, with directions to dismiss the bill.