SIMON COOLEY, Appellant, v. WILLIAM BARKER AND C. D. LOKENBILL, Sheriff of Clarke County, Iowa, Appellees.

Judgment of Justice: WANT OF JURISDICTION: COLLATERAL ATTACK.
1   Where a suit is brought before a justice of one county against a resident of another on a contract purporting to confer jurisdiction, but which provision is in fact a forgery, the judgment rendered on default is void for want of jurisdiction, subject to attack whenever the question may arise, and it may be shown by parol that the provision of the contract apparently conferring jurisdiction is untrue.

Void Judgment: LACHES.   One against whom a void judgment is
2   entered is not guilty of laches in neglecting to act in respect thereto until an attempt is made to enforce it.

Void·Judgment: VALIDITY OF DEBT.   To enjoin the execution of
3   a void judgment, it is not necessary for the one against whom it was rendered to show that he was not liable for the debt on which it is based.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, JANUARY 27, 1904.

SUIT in equity to restrain the levy of an execution and the enforcement of a judgment rendered by a justice of the peace of Pottawattamie county, Iowa, against a non-resident of that county, and afterwards transcripted to the district court of Pottawattamie county. The trial court dismissed the petition at plaintiff's cost, and he appeals.—*Reversed.*

*John Lindt* and *Temple, Hardinger & Temple* for appellant.

*J. B. Sweet* and *Stone & Tinley* for appellees.

DEEMER, C. J.—Plaintiff is a resident of Clarke county, Iowa. In the year 1898 he gave an order for lightning rods

to an agent of Cole Bros., a co-partnership doing business at
Council Bluffs, in Pottawattamie county. The rods were
erected, and plaintiff refusing to pay therefor, an assignee of
the contract brought action for the contract price before a
justice of the peace in and for Pottawattamie county, and ex-
hibited an instrument which, on its face, made the contract
price payable at Council Bluffs, Iowa. A notice of the action,
reciting that the contract was by its terms to be performed at
Council Bluffs, was served upon plaintiff in Clarke county,
Iowa; and, as he failed to appear before the justice of the
peace on return day, a judgment was rendered against him
for the contract price, which was afterwards transcripted to
the district court of Pottawattamie county. Thereupon an
execution issued, which was about to be levied upon plain-
tiff's property in Clarke county, whereupon this action was
commenced in Pottawattamie county against the plaintiff in
the judgment and the officer having the execution, to enjoin
the levy thereof and to restrain the enforcement of the judg-
ment.

Claim is made that the justice who rendered the judg-
ment was without jurisdiction, for the reason that while the
contract, as presented to him, was made payable at Council
Bluffs, yet this provision was not in the contract when he
signed it, and that it is in fact a forgery. This is denied
and this denial raises an issue of fact, which must first be
determined, before we reach the legal propositions involved.
An examination of the record leads us to the conclusion that
plaintiff's contention as to the facts is true, and that the in-
strument, when signed by him, did not contain this provision
for payment at Council Bluffs. It was this provision, which,
under our statute, gave the justice jurisdiction of the case.
Without it, he had no jurisdiction of a resident of another
county. Even if the defendant had appeared, this would
not, under our decisions, have given the justice jurisdiction.
But as he did not appear, but made default, that question is
out of the case. A court which in fact has no jurisdiction
cannot, by deciding that it has, confer upon itself the right

to adjudicate a controversy. This is fundamental doctrine, although there are exceptions in some cases which come dangerously near overthrowing the rule. With these exceptions we have nothing to do in this case, save to say that they do not apply.

Appellees contend that the justice was required to determine this matter before rendering judgment, and that his finding is conclusive. This contention has support in a few jurisdiction, notably in New York, but to our minds is unsound in theory and vicious in its application. If the court in fact has no jurisdiction, its judgment is subject to attack whenever and wherever the question arises, and it is permissible in such cases to show by parol evidence that the facts which apparently gave jurisdiction were untrue. If this were not true, one might be concluded by a court having no right to take cognizance of the subject-matter. In *Porter v. Welch,* 117 Iowa, 144, we held that a justice has no jurisdiction over a resident of another county, even upon appearance by that party, and that the objection of want of power or right in such cases goes to the subject-matter, rather than to the parties. But we need not go that far here. The provision for performance at Council Bluffs was the only thing that gave the justice jurisdiction, and, if there was no such provision when plaintiff herein signed the contract, then the justice had no right to consider the case. Plaintiff, knowing that fact, might very well have given no attention to the notice which was served upon him, for he knew that, whatever the justice might do, the conclusion would not be binding upon him. *Hamilton v. Millhouse,* 46 Iowa, 74. Of course, if the justice had jurisdiction and the right to decide, and plaintiff herein was relying simply on his defense of alteration of the instrument to defeat recovery, a different question would be presented. In such a case he should have made his defense before the justice, and, in the event of failure to do so, would be concluded by the judgment. This clearly illustrates the distinction between a right decision and the right to decide. In one case the judgment is conclusive, and in

the other it is not.   This feature of the case is ruled by *Gregory v. Howell,* 118 Iowa, 26.

Appellees also contend that plaintiff is not entitled to relief because of laches, and for the further reason that he does not show that he was not in fact indebted to the plaintiff in the judgment.   There is no foundation either in fact or law for the first proposition.   Plaintiff had no occasion to act until some attempt was made to enforce the void judgment. When that was done, he brought his action.   It was timely, and defendants were in no manner prejudiced by the delay. As to the second point the cases heretofore decided by this court are against appellees' claim.   If the judgment is absolutely void, as this one was, the plaintiff was not required to show that he was not indebted on the cause of action which was the basis of the suit.   *Arnold v. Hawley,* 67 Iowa, 313; *Henkle v. Holmes,* 97 Iowa, 695; *Spencer v. Berns,* 114 Iowa, 26, and cases cited.

We do not set out the evidence on which we rely for our conclusion on the issue of fact.   Suffice it to say that it strongly preponderates in favor of the plaintiff's contention, and is sufficient, we think, to justify the relief asked.

The case will be reversed, and remanded to the lower court for a decree in harmony with this opinion.—REVERSED.