Lewter v. Hadley—Syllabus.

LINNIE W. LEWTER, *Appellant,* v. ALFRED HADLEY, *et al.,*
*Appellees.*

Opinion Filed October 29, 1914.

Under the allegations in this case a decree annulling a foreclosure
decree upon the ground that the sheriff's return upon the
subpoena in the foreclosure proceeding was false, should not
be rendered, the remedy at law on the sheriff's official bond,
being ample if a false return was in fact made, and such
remedy affording due process of law, therefore the bill of
complaint was properly dismissed.

Appeal from Circuit Court for Orange County; James
W. Perkins, Judge.

Decree affirmed.

*Davis & Giles,* for Appellant;

*Massey & Warlow* and *V. S. Starbuck,* for Appellees.

WHITFIELD, J.—The amended bill of complaint herein
is as follows:

"Comes your oratrix, Linnie W. Lewter, by Davis &
Giles, her attorneys, and by leave of court first had and
obtained filed this her amended bill, and shows to the
court:

First: That she is a citizen and resident of Orange
County, Florida, and complaining of Alfred Hadley, H.
Carl Dann and J. F. Gordon, further shows that all of
said defendants are citizens and residents of Orange
County, Florida.

Second: Your oratrix further shows unto your honor

that she is the owner in fee simple and in her own right
of the following described property, to-wit:

Begin Forty (40) rods North of the Southwest Corner
of the Northwest Quarter of the Northeast Quarter of
Section Twenty-five (25) in Township Twenty-two (22),
South, Range Twenty-nine (29) East and run East Forty
(40) rods more or less to a stake; thence North to a point
Twenty (20) rods South of North line of said Sub-divi-
sion, thence West Forty (40) rods to a point due North
of begining, and thence South to point of beginning, con-
taining six (6) acres more or less; also the North half of
the Northwest Quarter of the Northwest Quarter of the
Northeast Quarter of Section Twenty-five (25) in Town-
ship Twenty-two (22) South, Range Twenty-nine (29)
East, containing five (5) acres more or less, in the County
of Orange and State of Florida.

That the same is her separate statutory property and
that she has been for many years past and is now in
actual possession of same; that heretofore, to-wit: on the
18th day of May, 1912, your oratrix together with the
joinder of her husband, F. A. Lewter, executed and de-
livered to the defendant, Alfred Hadley, her certain mort-
gage deed to secure the payment of her certain promis-
sory note of even date with said mortgage for the sum of
Twelve Hundred Fifty ($1,250.00) Dollars, with interest
at the rate of eight per cent (8%) per annum. That after-
wards, to-wit: on the 12th day of December, 1913, the
said Alfred Hadley, by his solicitors Starbuck & Star-
buck, filed in this Honorable Court what purports to be
an Original Bill of Complaint, praying among other
things for the foreclosure of said mortgage and the sale
of said property therein described for the satisfaction
of said mortgage and the payment of said note and on

said bill of complaint caused to be issued out of the Clerk's office in and for Orange County, Florida, a subpoena in chancery, directed to your oratrix and to F. A. Lewter, returnable on the 6th day of October, 1913.

Your oratrix further shows that said subpoena was returned to the Clerk's office of this court with the return of the Sheriff thereon, that he had on the 15th day of September, 1913, executed the same by showing said original and delivering a true copy thereof to said within named defendants.

Your oratrix further shows that no copy of said subpoena was ever delivered to her by said J. F. Gordon or any of his deputies, nor was a copy thereof left at her usual place of abode with any member of the family over the age of fifteen, nor did the said Sheriff or any of his deputies or any person from him, serve said process on your orator or notify her in any way, shape or form of the existence of the same, nor of the pendency of said suit, nor was she notified by any person eiher directly or indirectly that said suit had been instituted, nor did she know of the institution of said suit. That said suit instituted and conducted for the foreclosure of said property was a fraud on your oratrix and deprives her of her property without due process of law. That afterwards, without any knowledge on the part of your oratrix, and without service on her of any process or notice of any kind of the institution of the suit or of the progress thereof that said defendant, Hadley, procured to have entered in said cause on the 3rd day of November, 1913, a decree *pro confesso,* and afterwards, to-wit, without notice to your oratrix or knowledge on her part of the pendency of said suit, the said Hadley procured to have entered a final decree by the judge of this court on the 18th day of November, A. D. 1913, decreeing, among other things,

that the sum of Sixteen Hundred Sixty-six and 45-100 ($1,666.45) Dollars found to be due from F. A. Lewter, a co-defendant in said suit, to the complainant, and further decreeing that said sum of money so found to be due was a lien on the property heretofore described and that said respondent, F. A. Lewter, pay the same within three days after the filing of said decree and that in default thereof the said property above described be sold by the Master in Chancery, the Honorable William Martin, which said final decree was recorded in the Minutes of Court Book 'P,' page 71, Public Records of Orange County, Florida, which decree and the obtaining thereof your orator shows was a fraud upon her and afterwards, to-wit: on the 5th day of January, 1914, the said William Martin, Master in Chancery acting under and by virtue of said final decree, and after publication of his intention to so sell said property, did offer and expose the same for sale at the South door of the Court House in Orlando, Orange County, Florida, at which sale the defendant H. Carl Dann bid the sum of Twenty-two ($2200) Dollars, which said sum was the highest and best bid for cash and the said William Martin thereupon knocked down and sold to the said H. Carl Dann the said property for the said sum of money and afterwards, to-wit: on the —— day of January, 1914, by an order of the Honorable Judge W. S. Bullock, Judge of the Fifth Judicial Circuit of Florida at his Chambers in Ocala, Florida, during the absence from this Circuit of the Honorable James W. Perkins, the said sale was confirmed and the said William Martin issued to the said H. Carl Dann a Master's deed to said property.

Your oratrix further shows that had she had notice of the pendency of said suit, she could and would have protected her rights in said property and have caused the said

'sum decreed to be due to be paid and her title thereto to be thereby preservd.

Your oratrix shows that all of said proceedings, through the lack of notice to your orator or the service of process upon her, was a fraud on her rights in the premises and the said deed and decree entered therein are a fraud on her rights and a cloud on her title to her said property. Her said property is worth at least the sum of Three Thousand ($3000.00) Dollars and that she has no adequate remedy at law.

Your oratrix being without relief at common law prays, first, that the State's writ of subpoena do issue to the said Alfred Hadley and H. Carl Dann and J. F. Gordon, requiring them to appear on a day certain and answer this your oratrix Bill of Complaint, not under oath, however, oath hereto being hereby specifically waived.

That upon the coming in of an answer or the case being otherwise at issue, that your Honor refer the same to a Special Master in Chancery to take the testimony therein and report the same to this Honorable Court. That upon said report coming in that your Honor enter a Final Decree, decreeing, among other things, that all of said proceedings are utterly void and of no effect and a fraud upon your oratrix; that said final decree therein granted be set aside and for nought held, and that said deed be delivered up for cancellation, or in the event that same has been recorded, record thereof be cancelled by the clerk of this court, and for such other and further relief as to your Honor may seem just."

A demurrer to the bill was filed by H. Carl Dann as follows:

"1. That there is no equity in the bill.

2.   That the service of the subpoena being regular on its face, and no fraud, or knowledge of the alleged irregularity on the part of this defendant being alleged, the complainant cannot go behind the returns.

3.   That a purchaser at a judicial sale cannot be deprived of his title by secret frauds or irregularities in which he did not participate, and of which he had no notice."

Alfred Hadley, another defendant, filed the following demurrer:

"1.   That there is no equity in the Bill.

2.   That the service of the subpoena being regular on its face, and no fraud or knowledge of the alleged irregularity on the part of the respondent being alleged, the complainant cannot go behind the return.

3.   That said amended bill does not pray any relief against this respondent.

4.   That said amended bill does not pray any proper relief against this respondent."

These demurrers were sustained, and the amended bill of complaint was dismissed. The complainant appealed.

The question to be determined is whether the allegations of the bill warrant a decree in equity annulling the decree and cancelling the deed of conveyance in the proceedings to enforce the mortgage lien given by the complainant.

It does not appear that a personal decree has been entered against the complainant. The proceedings to enforce the mortgage lien partake of the nature of proceedings *in rem.* Notice of the sale under the decree to enforce the mortgage lien was duly advertised. The sale

does not appear to have been irregular in itself or to have been made for a manifestly or grossly inadequate price. There is no allegation of fraud or collusion in the making of the alleged false return on the process as having been duly served on the complainant; and no allegation that service of process was not duly made on complainant's husband, who joined in the execution of the mortgage, or that complainant did not know of the sale by the master under the decree to enforce the mortgage lien, or of the execution by the master of the conveyance of the title to the purchaser, or that no one did appear or was authorized to appear for the complainant in the foreclosure suit, or that she did not expressly or impliedly waive service of process. There is no allegation of collusion or fraud on the part of the mortgagee or the purchaser or of knowledge by either of them of any want of proper service of process on the complainant.

Even if the property was of peculiar value to the complainant she had executed a mortgage lien on it to secure an indebtedness which she knew was due and she knew the mortgage lien was subject to enforcement in equity. The bill does not clearly show equity for the relief prayed. Apparently the remedy at law by action on the sheriff's bond is ample if a false return was in fact made to the substantial injury of the complainant. Such a remedy affords due process of law. Miedreich v. Lauenstein, 232 U. S. 236, — Sup. Ct. Rep. —.

The allegations do not warrant the equitable relief prayed and the decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.