LUTIE EDENFIELD, BY HER NEXT FRIEND, A. L. EDENFIELD, *Appellants,* v. I. D. SAYRE AND W. D. SPRUAMCE, CO-PARTNERS, DOING BUSINESS UNDER THE FIRM NAME OF C. G. JUSTICE COMPANY, *Appellees.*

Opinion Filed March 19, 1921.

1. A judgment of a court of competent jurisdiction in a common law action may be directly attacked in chancery by the

· judgment debtor upon the ground that there had been no service of process upon him in the action and that he had and has a perfect defense in whole or in part to the action.

2. A direct attack in equity upon a judgment at law presents for consideration no error of law, but should present a fact which if it had been known to the court rendering the judgment at the time would have prevented its rendition.

An Appeal from the Circuit Court for Broward County; E. B. Donnell, Judge.

Decree reversed.

*Taylor & Taylor,* for Appellants;

*Evans & Mershon,* for Appellees.

ELLIS, J.—This is an appeal from an order sustaining a demurrer to a bill in equity to cancel a deed made by the Sheriff of Broward County pursuant to a sale of land under an execution which issued upon a judgment obtained by the defendants against the complainant and to cancel the judgment obtained at law.

The allegations of the bill in substance as admitted by the demurrer are as follows: In 1917 the defendants obtained a judgment in the County Court of Broward County for the sum of $317.00; that execution was issued upon the judgment and levied by the Sheriff upon certain described lands of the complainant; that the lands were sold at sheriff's sale under the execution and bought by the defendants, who are now in possession of the property; that in the common law action no service of process was ever made upon the defendant, the complainant in the bill, and that before the action was com-

menced against her she had satisfied and paid off the claim against her, except a few dollars; that she holds a receipt for same and is ready to pay the balance due.

There were attached to the bill three exhibits in the form of affidavits as to the facts relating to the service of the summons upon Lutie Edenfield in the common law action. Mrs. Edenfield's affidavit affirms that no service of the summons was ever made upon her or any member of her family, and that she had paid the plaintiffs their claim, except a few dollars. The affidavit of W. S. Priest shows that he was the deputy sheriff and had the summons in the mentioned cause for service, and for that purpose went to "Pompano," where Lutie Hamilton (Edenfield) resided; that he did not see her nor leave a copy of the summons with her, but "handed the same to one S. D. Hinson, telling him that it was a case against Lutie Hamilton in the County Court." Then he enquired at the house where "Lutie" lived, and "they told him she was not there." He thereupon handed the copy to Hinson. The affidavit of C. D. Hinson is to the same effect, and that he is not a member of the family of Lutie Hamilton, now Edenfield.

The return as actually made by the deputy sheriff upon the summons in the common law action is not in the record, but it is alleged that a judgment was obtained and duly recorded in the County Court minutes. The question presented is: May a judgment of a court of competent jurisdiction be attacked directly in chancery by the judgment debtor upon the ground that there had been no service of process upon him in the action in which judgment was obtained?

The service of process is essential to jurisdiction. No valid judgment can be entered *in personam* unless the

defendant has been brought into court, or duly notified of the pendency of the action against him by service upon him of the process of the court. The jurisdiction of courts of equity to interfere with proceedings at law has long been established, although it once excited the resentment of the common law judges. The basis of equitable jurisdiction, however, usually consists in some matter personal in its character and confined to preventing a party in whose favor a judgment has been rendered from making an inequitable use of it. See 15 R. C. L. 725.

The court of chancery in such cases does not act as a court of errors to examine or reverse the judgment, but it treats all the proceedings at law as valid, and grants relief against the consequences of the judgment because the rights acquired thereby cannot be retained in good conscience. See Eichhoff v. Eichhoff, 107 Cal. 42, 40 Pac. Rep. 24; Warren v. Union Bank of Rochester, 157 N. Y. 259, 51 N. E. Rep. 1036, cited in 15 R. C. L. 726.

The direct method of attacking the judgment as was followed in this case resembles the common law writ of error *coram nobis*, in that it presents for consideration no error of law, but a fact which if known to the court rendering the judgment at the time would have prevented its rendition. The facts presented in this case are, first, that the complainant had paid the claim, except a few dollars, and, secondly, that she was prevented from making any defense because she had no notice of the institution of the suit.

The judgment therefore was viod, the complainant in this cause had a meritorious defense and offers to do equity by paying the balance due, consisting of a few dollars. According to the admission made by the demurrer, the defendants, who were the plaintiffs in the com-

mon law action, the judgment creditors, knew that their claim had been paid with the exception of a few dollars, yet took judgment for the full amount, notwithstanding the judgment debtor had no notice of the action. It is not as if there had been merely a false return by the deputy of the court's process in which the plaintiff nowise participating by contributing to the fraud. There is here presented a case in which the defendant in the common law action had no notice of the action, was therefore prevented from making her defense and the plaintiffs took judgment for the full amount of a claim the greater part of which, all "except a few dollars" had been paid, where the judgment was void *ab initio* because the court had no jurisdiction. See Brandt v. Little, 47 Wash. 194, 91 Pac. Rep. 765, 14 L. R. A. (N. S.) 213. In that case MR. JUSTICE ROOT, delivering the opinion of the court, said: "The general rule, however, seems to be that, in cases where an independent action is brought in equity to set aside the judgment complained of, especially where the defect of jurisdiction does not appear upon the face of the record, it is necessary to make a showing that the party has, or at the time of the entering of the judgment complained of, did have a good and sufficient defense in whole or in part, to the action, and that a different result would or should have been obtained had the complainant had an opportunity to defend said action; in other words, the complainant upon invoking the assistance of a court of equity must show that the former judgment was inequitable." See also the authorities collected in the note contained in 14 L. R. A. (N. S.) 213.

Here the attack upon the judgment is not collateral, it is not under review, but an issue is presented whether the complainant is entitled to have a court of equity interpose in her behalf.

Mr. Freeman, in his work on Judgments, says: "A judgment pronounced without service of process, actual or constructive, and without the defendant's knowing that a court has been asked to adjudicate upon his rights, is regarded with such disfavor at law that a variety of motions, writs and proceedings are there provided to overthrow it; and in many courts it is at all times and upon all occasions liable to be entirely disregarded upon having its jurisdictional infirmity exposed. But proceedings in equity are peculiarly appropriate for the exposure of this infirmity." 2 Freeman on Judgments (4th ed.) Sec. 495.

The case of Lewter v. Hadley, 68 Fla. 131, 66 South. Rep. 567, does not present the same conditions as are presented in the instant case. In the Lewter-Hadley case there was no allegation that the debt secured by the mortgage had been paid in full or in part; upon the other hand the debt was due, of which fact complainant was aware. There was an allegation that the sheriff had made return of the subpoena showing its service upon the complainant; there was no allegation that service was not in fact made upon her husband, who joined her in the execution of the mortgage. The case was one barely presenting the mere matter of a false return. In the case at bar, it does not appear that there was any return further than that recited in the affidavit of the deputy, that there was in fact no service of notice upon the defendant and that the plaintiff took judgment for the full amount of a claim that had been paid in part.

In Iowa the court holds that in case of a judgment void for lack of service of process upon the defendant, it is not necessary to relief in equity from such judgment for the complainant to show that he was not liable for the

debt on which the judgment was based. See Cooley v. Barker, 122 Iowa 440, 98 N. W. Rep. 289.

In a case such as this where process has not been served upon the defendant, but judgment has nevertheless been rendered against him by a court not having jurisdiction of his person, it seems that the wrong done him by assuming to determine his cause when the court was without authority to do so, ought to be undone and he ought to be left in the same condition as if jurisdiction had not been wrongfully assumed over him, but particularly is this true where the complainant shows, as was done in the bill in this case and admitted by demurrer, that had complainant had an opportunity to make her defense she would have wholly or in part established it, and judgment against her was therefore substantially unjust. See Freeman's Note to Little Rock & Fort Smith Ry. Co. v. Wells, 61 Ark. 354, 33 S. W. Rep. 208, 54 Am. St. Rep. 216-223. See also Gifford v. Morrison, 37 Ohio St. 502; Magin v. Lamb, 43 Minn. 80, 44 N. W. Rep. 675; Newman v. Taylor, 69 Miss. 670, 13 South. Rep. 831; Massachusetts Benefit Life Ass'n v. Lohmiller, 74 Fed. Rep. 23, 20 C. C. A. 274; Wilson v. Hawthorne, 14 Colo. 530, 24 Pac. Rep. 548.

In the case at bar, through no fault of the complainant, she was prevented by the mistake of the deputy sheriff from availing herself of a good defense to the action of the County Court, coupled with this fact the plaintiffs seek to enforce a judgment for an unjust amount in that they knew, according to the admissions of the demurrer, that the amount for which they obtained judgment was not due to them from the defendant. The complainant comes into equity with clean hands asking relief against an unjust and inequitable judgment.

We think the bill contains equity and that the demurrer should have been overruled. So the decree is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.