C. G. SUTTON AND O. O. HUBBARD, *Appellants*, v. BANK OF MULBERRY, A CORPORATION, *Appellee.*

Opinion Filed January 16, 1922.

Petition for Rehearing Denied January 30, 1922.

Equity will not cancel a judgment not shown to be void where the complainants have not asserted their right to an appellate review of the judgment, and are guilty of laches and do not offer to do equity.

An Appeal from the Circuit Court for Polk County; John S. Edwards, Judge.

Order affirmed.

*R. B. Huffaker*, for Appellants;

*Wilson & Swearingen*, for Appellee.

WHITFIELD, J.—In a bill of complaint brought April 6, 1921, against the bank by C. G. Sutton and O. O. Hubbard, it is alleged that the bank on August 10, 1915, obtained in the County Court of Polk County, a judgment against the complainants and others for $529.90 and costs, that the judgment was on August 15, 1915, recorded in the foreign judgment book of the public records of the county; "that the said judgment has not been paid or satisfied, that your orators have refused to pay the said judgment because the same is void for the reason hereinafter stated, but that the defendant refuses to cancel or satisfy the said judgment; that the said judgment although void constitutes a cloud on the title of your orators' lands, and prevents your orators from making a sale of their lands for the real value

of same," that the judgment is void because the jurisdiction of the county court is of amounts not exceeding $500.00, while the judgment is for $529.90 and costs. A cancellation of the judgment is prayed.

The bill of complaint was demurred to on the following grounds:

"1st.  There is no equity in said bill.

"2nd.  The allegations thereof are not sufficient to entitle the complainants to the relief therein prayed, or to any relief in a Court of Equity.

"3rd.  It does not appear from the allegations thereof, but that the court in which the judgment therein mentioned was rendered, had jurisdiction of the parties, and of the subject matter of the suit.

"4th.  From the allegations of the bill, it is made to appear, that the complainants had their remedy by Writ of Error, *certiorari,* appeal, and otherwise and failed to take advantage of or exercise the same.

"5th.  It appears from the said bill that the complainants still have ample and adequate remedy at law.

"6th.  No reason or excuse for the failure of complainants to have exercised their different remedies at law is shown by said bill.

"7th.  From the allegations of said bill, it is made to appear that the complainants are guilty of laches, and on account thereof stand barred from seeking the relief prayed.

"8th.  The complainants do not in and by their bill offer to do equity.

"9th.  Said bill contains no allegations of payment of the indebtedness upon which said judgment was recovered,

nor does it show that the complainants have or had any defense to said action, nor do they now offer to make payment of defendants' claim against them, which might become barred by the Statutes of Limitation, if the decree prayed be rendered.''

All the grounds of the demurrer were sustained by the chancellor except the third. The complainants appealed.

The verdict in the county court attached to the bill of complaint finds for the plaintiff bank ''in the sum of $400.00 principal, $79.10 interest and $50.00 attorneys fees, total, $529.90.'' The judgment as rendered is in ''the sum of five hundred twenty-nine 90/100 dollars damages'' and costs.

As the nature of the action in the county court does not appear, it may have been a case in which attorney fees are allowed as a part of the costs in the case. In that event, the judgment is merely erroneous in including the attorney fee as damages, thereby rendering the judgment voidable and not void; since the judgment could be construed with reference to the record and the verdict, and the verdict separates the recovery proper from the attorney fee allowed. It is the duty of the complainant in this suit to make a clear showing of the equity asserted. If the judgment of the county court is erroneous it could have been corrected in proper appellate proceedings. If the judgment is void it may be stricken at any time and may be collaterally assailed. The complainants have not availed themselves of the remedies open to them and do not come with due diligence; and do not offer to do equity. See Dibble v. Truluck, 12 Fla. 185; Budd v. Long, 13 Fla. 288; Finegan v. City of Fernandina, 18 Fla. 127. They did not test the correctness of the judgment by appropriate appellate procedure; and they have delayed from 1915 to

1921, during which time the demand may be barred; and they allege they have refused to pay the judgment because it "is void," and because they do not owe the amount, and they have not shown the judgment to be wholly null and void.

Because of laches and failure to duly assert their rights to a review of the judgment, and because it is not clearly shown that the judgment complained of is void and because no offer is made to do equity, the order sustaining the demurrer to the bill of complaint seeking affirmative equity relief, was proper, and it is hereby affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.