EARLE B. ALLISON, *Appellant,* vs. HANDY ANDY COMMUNITY STORES, INC., a Florida corporation, *Appellee.*

143 So. 263.

Division B.

Opinion filed July 26, 1932.

*Morecock & Weintraub,* for Appellant;

*Grady C. Harris* and *Marshburn, Mendenhall & Mc-Donald,* for Appellee.

PER CURIAM.—This appeal is from an order overruling a demurrer to a bill of complaint and refusing to dissolve a temporary injunction restraining the enforcement of a judgment of a law court, it being alleged that a false return was made on a *pluries summons ad res,* and that the complainant, the defendant in the law court, had not been served with process and had no knowledge of the action until after judgment had been rendered.

No fraud of the defendant, the plaintiff, in the law action, or other ground of equitable cognizance is alleged, and as the complainant had adequate remedy at law by appellate procedure or under sections 4515 (2828), 4516 (2829) C. G. L. or by action on the officers bond, and injunction in equity is not a proper remedy. See Robinson et al. vs. Yon et al., 8 Fla. 350; Dibble v. Truluck, 12 Fla. 185; Barnett v. Hickson, 52 Fla. 457, 41 So. 606;

Lewter v. Hadley, 68 Fla. 131, 66 So. 567; Sutton et al. v. Bank of Mulberry, 83 Fla. 4, 90 So. 539. See also Clinton v. Colclough, 54 Fla. 520, 44 .So. 878; Southern Home Ins. Co. v. Faulkner, 57 Fla. 194, 49 So. 542. In Edenfield v. Sayre et al., 81 Fla. 367, 88 So. 607, the inequitable conduct of the plaintiff in the law action afforded a ground for equitable relief.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.