EARLE B. ALLISON v. HANDY ANDY COMMUNITY STORES.

156 So. 521.
Division B.
Opinion Filed September 21, 1934.

*Joseph Weintraub,* for Appellant;
*Walter O. Marshburn,* for Appellee.

BROWN, J.—When this case was before this Court on the first appeal, we held that the court below was in error in overruling the demurrer to the bill of complaint and in refusing to dissolve the temporaray injunction, for the reasons stated in the opinion, and the order of the lower court was merely reversed, without directions. Allison v. Handy-Andy Community Stores, Inc., 106 Fla. 274, 143 So. 263. When the mandate of this Court went down, the chancellor made an appropriate order sustaining the demurrer and dissolving the injunction. The chancellor also denied a motion of the complainant to be allowed to file an amended bill of complaint on the ground that it presented no new equity. As to this latter ruling, the complainant filed a motion for rehearing, which was granted, with the result that the chancellor found that the amended bill did contain equity and granted leave to-file it. The sufficiency of the amended bill was then attacked by appellant by motion to dismiss, which

motion was denied. From these two orders this appeal was taken.

We find no error in these orders. The amended bill supplies the deficiencies in some of the allegations of the original bill, so as to bring it within the principles laid down by this Court in Edenfield v. Sayre, 81 Fla. 367, 88 So. 607.

The bill alleges that the purported officer of the corporation, complainant in the bill, upon whom the return of the process served showed that the summons had been served in the action at law, was not an officer or agent of the corporation, his connection with the corporation having been severed several months before, and that the complainant corporation had no knowledge of the suit until some weeks after the judgment by default and the final judgment had been rendered against it in the law action and the term of court had expired; that the defendant in the equity suit, who was plaintiff in the law action, when he obtained the default judgment, and afterwards the final judgment, knew that no lawful service had been obtained upon the defendant in said law action, and that the process server, a Notary Public, had also been advised to that effect when he made the service upon such purported officer. The contention of the appellant, therefore, that the amended bill does not charge fraud is not well founded, as in the allegation of the amended bill it appears that the defendant, with knowledge that no service had been perfected upon complainant corporation, wrongfully proceeded to judgment against the complainant, who had no knowledge of the pendency of the case against it. It also appears that the complainant was at the time operating some twelve stores in the City of Miami and maintained an office in accordance with the requirements of law for the purpose of accepting service of process and had managers and agents upon whom service could have been made, whereas the service as made was upon a person who

was neither an officer, agent or employee of the complainant corporation, and that all of such facts were known, or could have been known, by the defendant, appellant here, by the exercise of due diligence. The bill also alleges facts indicating that the complainant had a meritorious defense to the action at law which it could have no doubt successfully asserted if it had been given its day in court.

The bill as amended further alleges that complainant is willing and desires to promptly test the validity of its said defense to the original common law action, and to appear in said cause and plead therein, and to abide by the result thereof, under such terms as the court may require.

The chancellor was well advised in permitting the filing of the amended bill and in overruling the motion to dismiss. See also Rentz v. Granger & Lewis, 54 Fla. 445, 60 So. 221, and Braun v. Quinn (Neb.) 39 A. L. R., 411, 199 N. W. 828; and note in 38 A. L. R. 404-428. The orders appealed from are accordingly affirmed.

Affirmed.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.