Lamneck, J.
The surety company claims that the order of the Probate Court, vacating its order approving the settlement on July 16,1943, is contrary to law. It contends:
1. That since it was the prevailing party, there was no showing of fraud on its part in securing the order.
2. That the Probate Court has jurisdiction to approve a settlement and discharge a surety.
3. That there is no basis for equitable relief.
4. That the succeeding administrator should have tendered back the sum of $1,950, the amount of the settlement agreed to on July 16, 1943, before filing its petition to vacate the order of settlement.
Dnder Section 10501-17, General Code (Section 2101.33, Revised Code), the Probate Court has the same power as the Common Pleas Court to vacate or modify its orders or judgments.
Under subdivision 4 of Section 11631, General Code (subdivision D of Section 2325.01, Revised Code), the *388 Court' of Common Pleas may vacate a final order, judgment or decree “for fraud practiced by tbe successful party in obtaining a judgment or order. ’ ’
In the instant case, tbe order of July 16, 1943, was in an ex parte proceeding instituted by tbe succeeding administrator, and tbe alleged fraud was not attributable to him. Even if it could be held that tbe surety company was “tbe successful party” to tbe proceeding, there is no evidence of fraud on its part as a surety.
Section 10506-27, General Code (Section 2109.18, Revised Code), provides:
“A fiduciary at any time may make application to tbe proper Probate Court for the release of bis sureties, by filing bis written request therefor with tbe judge of such court, and giving at least five days’ notice in writing to such sureties. If, upon tbe bearing, tbe court is of tbe opinion that there is good reason to release said sureties, it shall order said fiduciary to file an account, as provided by law, and said sureties shall be. released upon said fiduciary filing a new bond and its approval by tbe court.”
While tbe succeeding administrator bad authority, under tbe broad provisions of Section 10501-53, General Code (Section 2101.24, Revised Code), to file tbe application to make tbe settlement covered by the order of July 16, 1943, there is nothing in Section 10506-27, General Code, designed to finally release the sureties of a deceased fiduciary upon tbe application of a successor fiduciary.
Under Sections 10506-26 to 10506-29, inclusive, General Code (Section 2109.18, Revised Code), “a surety of a fiduciary” may make an application to be released from tbe bond of a fiduciary, and “a fiduciary * * * may make application * * * for tbe release of his sureties,” but such sureties shall not be released until a new bond is filed. Even if Section 10506-27, General *389 Code, could be construed to authorize a succeeding fiduciary to file an application to release the sureties of a predecessor fiduciary, such release could not be ordered before the approval of a final accounting by the representative of the deceased fiduciary.
Section 10506-55, General Code (Section 2109.26, Eevised Code), provides in part as follows:
“If a sole fiduciary dies * * * prior to the termination of the trust, the Probate Court shall require a final account of all dealings of such trust to be filed forthwith * * * by his executor or administrator * * *.
“* * * Such vacancy [death of a fiduciary] and the appointment of a successor fiduciary shall not affect the liability of the former fiduciary, or his sureties, previously incurred.”
Section 10509-189, General Code, prior to its repeal effective on September 20, 1943, and in effect at the time the order of July 16, 1943, releasing the surety company on the bond of the executor was entered, read as follows:
“When an executor or administrator has proved to the satisfaction of the court that he has fully and lawfully administered an estate, as shown by his final account, account of final distribution or final and distributive account, as the case may be, the court shall allow and confirm such account and order it to be recorded, and shall make an order finally discharging said executor or administrator and his bond, which order shall become a part of the record of such account.
“Such order of discharge shall forever exonerate the party and his sureties from liability for matters shown in such account unless the same be impeached for fraud or manifest errors.” (Emphasis added.)
Section 10506-40, General Code (120 Ohio Laws, 653), effective on September 20, 1943, and prior to the amendment effective on September 29, 1945, read in part as follows:
*390 “Upon approval of a fiduciary’s account, the fiduciary and his sureties shall, subject to the right of appeal, be relieved from liability to all interested persons properly before the court, for the fiduciary’s administration of his trust during the accounting period, including the investment of the trust funds.” (Emphasis added.)
Section 10506-40, General Code, effective September 29, 1945 (Section 2109.35, Revised Code), contains a provision reading as follows:
“Such order [order approving an account] may be vacated for good cause shown, upon motion of the fiduciary, if such motion is filed prior to the settlement of the account showing that the fiduciary has fully discharged his trust. ’ ’
These sections clearly indicate that the sureties on the bond of a deceased fiduciary may not be finally discharged before the filing of a final account by the legal representative of the deceased fiduciary and the approval thereof by the Probate Court.
Under Section 10501-53, General Code, the Probate Court has “plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
In 1 Freeman on Judgments (5 Ed.), 432, Section 220, the general rule covering the power of a court, independent of statute, to vacate its orders and judgments after term is stated as follows:
“Independent of statutory provisions and notwithstanding the general rule limiting the court’s authority over judgments to the term at which they were rendered, it has power to correct nonjudicial mistakes in its proceedings and may annul within a reasonable time, orders and judgments inadvertently of improvidently made. ”
It is well settled that as a prerequisite to the setting *391 aside of a release, obtained by fraud in the inducement, the person who receives the consideration must return or tender back the consideration paid. See Picklesimer v. Baltimore & Ohio Rd. Co., 151 Ohio St., 1, 84 N. E. (2d), 214.
In the instant case, however, the settlement of $1,950 was intended to cover unaccounted-for funds from the sale of the Cadillac automobile, a Chicago bank account of $643.23, and $124.95 in money. Neither the surety, the succeeding administrator nor the court had any knowledge of the sums of $1,606 and $3,120.10 received by the executor from the ancillary administrator at the time the order of settlement was obtained on July 16,1943. This order was not intended to cover the alleged shortage of the funds received from the ancillary administrator, amounting to a total of $4,-726.10.
Under Section 11242, General Code (Section 2307.06, Revised Code), ‘‘a . judgment for one delinquency [under a forfeited bond] shall not preclude the same or another person from bringing an action on the instrument for another delinquency.”
There is no dispute as to the fact that the amount of $1,950 was due the estate. Under such circumstances restoration is not necessary where the money received by the party was due him in any event and if returned could be recovered back. See Bebout v. Bodle, 38 Ohio St., 500.
It is claimed that the succeeding administrator is barred by laches for not filing his petition to vacate within' a reasonable time.
The doctrine of laches does not apply in a proceeding to vacate a judgment or order of a court which it had no jurisdiction to make. In 49 Corpus Juris Secundum, 758, Section 381, it is stated that “one against whom a void judgment has been rendered will not be estopped -by laches to seek relief from such *392 judgment at any time.” See Gray v. Hall, 203 Cal., 306, 265 P., 246; Cooley v. Barker, 122 Iowa, 440, 98 N. W., 289, 101 Am. St. Rep., 276; Franek v. Turner, 164 La., 532, 114 So., 148; Galli’s Estate, 340 Pa., 561, 17 A. 2d), 899.
Under the facts contained in the record, the judgment of the Court of Appeals, affirming the judgment of the Probate Court, is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Hart, Zimmerman and Stewart, JJ., concur.