## KNAPMAN et v FORD et

Common Pleas Court, Cuyahoga Co

No 435561. Decided Nov 12, 1940

Lloyd Schwenger, Cleveland for plaintiff.

Mooney, Hahn, Loeser, Keough & Friedheim, Cleveland, for defendant.

### OPINION

By KRAMER, J.

On February 20, 1936, one Jeanette Knapman, designated in the petition as one of the plaintiffs herein, was granted a divorce from her husband Douglas John Knapman in this court. Subsequently she remarried one Montgomery P. Ford, and is also the defendant herein designated as Jeanette Chinley Ford.

This action is filed apparently by three separate plaintiffs, namely, John Knapman, Geo. W. Kerr, who is a stranger to the divorce action—except that he was the judge who granted the decree here in question, and Montgomery P. Ford—also a stranger to the divorce action—to set aside the entry of the decree of divorce granted as aforesaid. The plaintiff alleges that the decree was obtained by fraud, in that the plaintiff falsely testified that she had been a resident of the state of Ohio for one year last past, and for more than thirty days immediately preceding the filing of the petition a bona fide resident of Cuyahoga county; that the court had no jurisdiction to grant the decree, which is therefore null and

void and asked that it be vacated and set aside.

Jeanette Knapman in this name and in the name of Jeanette Chinley Ford, and Douglas John Knapman, defendant in the divorce action aforesaid, are made parties defendant. Jeanette Chinley Ford disclaims as plaintiff, alleging that she did not authorize the filing of this action and has filed a motion as defendant to strike the petition from the files.

The theory of plaintiffs' counsel herein is. that if this court had in fact no jurisdiction of the divorce action, that its decree was an absolute nullity; that it was not only of no legal force or effect, but that it was no action of the court, as a court, at all; that the entry therefore should be vacated in the sense of striking it from the records. Upon this theory counsel contends that the law relating to the necessary parties to a petition to vacate a decree and the statutes relating to the time within which such action may be brought are not applicable.

The petition herein, it is claimed, is merely to call to the court's attention that there is a record of a decree upon its docket, which was made without jurisdiction; that the decree is void, and that the court, therefore, of its own motion has the authority and obligation to vacate that decree, so that a false entry should not appear upon its records.

Upon principle this claim appears to be wholly untenable and is sustained by no cited authority. The court, when it heard the divorce action, determined that it did have jurisdiction and until this finding is set aside, the decree is a decree of this court, valid and effective in this jurisdiction. A defendant in a divorce action might appear and contest the jurisdiction of the court. The court might hear evidence at length, determine that it had jurisdiction and proceed to hear the divorce action and grant a decree. This decree might be affirmed by the Court of Appeals, and even by the Supreme Court. Then if it appeared that the jurisdiction had been found upon perjured testimony,

would it be contended that the decree of divorce was an absolute nullity in this state? I think not—or at least not successfully.

It is true that the courts have used the terms "void" and "nullity" in passing upon this question. These terms are used in Solomon v Solomon, 1 N. P. (N. S.) 113, upon which counsel relies. The third syllabus of that case is as follows:

"Where the plaintiff in a divorce action has not such domicile, the court. can not have jurisdiction of the subject of the action— the res that is to be affected by the decree, the proceeding is coram non judice and the decree rendered therein, is void."

In this case Anna Solomon filed a motion to open a divorce decree which had been obtained by Walter D. Solomon upon service by publication. The sole question presented was whether such a motion would lie. The case was tried by Judge George Phillips of this jurisdiction who discusses this question in a scholarly opinion of some twenty pages, and decides that the court had the power to entertain the defendant's motion to open the decree and let her in to defend. The decision in this case was only to the effect that the decree was not conclusive. It does not tend to sustain the contention that the decree was "void" in the sense for which counsel contends.

Plaintiff's counsel alleges that this case has been followed by the decisions in Ohio down to the present time. As a matter of fact it was reversed. In 4 O. C. C. (N. S.) 321, the reviewing court holds that the decree in a divorce case once pronounced is final and can not be re-opened at a term subsequent to that in which the decree was entered (following Parish v Parish). It appears therefore that Solomon v Solomon in the first place uses the word "void" in the same manner that it is used by many other courts, namely, that it may be set aside on proper showing. a use which is misleading but quite common. In the second place, if

Solomon v Solomon were the law, then the plaintiff would be defeated on the contention of defendant's counsel that the decree is conclusive.

**Ready v Ready, 25 Oh Ap 432** (Cuyahoga County) again involves the question of the right of review of a divorce decree. In this case a motion was made within term by the defendant to vacate a decree of divorce on the ground that there was fraud and irregularity in obtaining the decree. The court below denied the motion. The Court of Appeals says, page 434:

"The question involves the contrast in judicial power with respect to cases of this character existing prior to the Constitution of 1912 and those arising subsequent to the adoption of its provisions. * * *

"The lower court held that as to the divorce the judgment of the Common Pleas Court was a finality, * * *; but the record discloses the issue of fraud on the part of plaintiff, which is based upon the claim that when the petition for divorce was filed and the prayer granted the plaintiff was not a bona fide resident of the state of Ohio, but was a legal resident of the state of New York."

Page 437:

"In our judgment, there was no service of a lawful character upon the defendant. The decree therefore is void, or at least voidable, and the reason for its nullity is apparent in the record, to-wit, that the plaintiff was not a resident of Ohio. * * * It is our opinion that the decree for divorce was null and void, but, if we are not correct in this position, there certainly can be no doubt that, with such a challenging fact in the record, the defendant, on her motion to vacate, was entitled to the relief for which she asked. If the party defendant was in court the question of the power of the court to vacate the decree because of sound public policy becomes immaterial, because under such circumstances we are not dis-

cussing the subject of a divorce, but of a pretended divorce."

The court then goes on and discusses further the question of law which it says is involved in the case, namely, whether the motion will lie and ends by reversing the decision of the lower court. It will be noted that in spite of the language "null and void" and "pretended divorce", that the court nowhere suggests that the decree is not a subsisting decree until it is set aside.

It is true that the courts of one state do treat as an absolute nullity a decree of divorce rendered in another state, which state the first court holds had no jurisdiction to entertain the action. This is the law in Ohio. **Van Fossen v State, 37 Oh St 317,** and in New York, Maloney v Maloney, Supreme Court, Monroe County, 22nd N. Y. Supp. 2d, 334, which reviews the New York decisions.

The law, without exception, which the court has been able to find, is that the finding of a court that it has jurisdiction is binding and valid within the jurisdiction of that court, until reversed or annulled in proceedings provided by law, unless and only if the court has no jurisdiction of the subject matter or of the parties, and the lack of jurisdiction affirmatively appears on the face of the record.

In **Hudson, Admr. v Owens,** (Cuyahoga County Court of Appeals) (1928) 28 O. L. R. 221,—syllabus—

"The conclusiveness of the decree of divorce was in no way questioned by the action of the Common Pleas Court in entertaining the wife's action for alimony, and could be challenged or reversed only by a direct action, brought within the prescribed time, asking that the divorce decree be set aside. * * *"

On page 224 the court says:

"Now it is claimed, and this must have been the theory upon which the lower courts decided as they did, that inasmuch as this woman had no actual

notice and there was an irregularity in that the attorney for the plaintiff who filed the divorce petition verified the affidavit for publication, **that the whole proceedings were void and the court had no power to do anything in regard to the matter.** * * * Unfortunately courts and lawyers and even text book writers have used the word 'void' when they simply meant 'voidable'. They have considered because the decision or contract might be avoided by a proper proceeding that it was, therefore, void. That does not follow. There is a vast difference between a voidable judgment and a void judgment and it was nowhere more strongly illustrated than in the recent case decided by our Supreme Court, in cases taken up from this county and other counties which were heard together, **Tari v State, 117 Oh St, 274,** relative to the ineligibility of a Justice of the Peace to sit in a liquor case when he was to have a share of the fine and costs, it being claimed that, the Justice being ineligible—basing the claim upon the Tumey case, 273 U. S. 510, which was decided by Justice Taft of the Supreme Court of the United States—the judgment was absolutely void and, therefore, the ineligibility of the Justice did not have to be challenged in the first instance. The Supreme Court of Ohio held in Tari v .State, supra, however, as did Justice Taft in the Tumey case, that the question would have to be raised in a proper way; that it was a voidable judgment and not a void judgment."

The court further holds, page 226, that only the parties to the decree can attack it:

"Nowhere can you attack a judgment rendered by a court of general jurisdiction, that is regular on its face, by a collateral attack where the court has jurisdiction over the subject matter and where the decree of the court recites that proper service has been made."

It would seem that there is no divergence of authority upon the proposi-

tion that a divorce decree ▮▮▮▮▮▮ ▮ of this court is valid in this jurisdiction until set aside, and that it can be attacked only in the same manner and subject to the same limitations of law as other decrees of this court. It is not contended that if this be true that the petition would have any standing in court.

**The motion of the defendant Jeanette Ford must therefore be granted and the petition dismissed.**

"The court has no power to vacate judgment after term except as conferred by §11363." **Assurance Company v Raper, 78 Oh St 113,** Syllabus 2; **Morewood Co. v Amazon Rubber Co.; 18 Oh Ap 201, 109 Oh St 291.**

It is unnecessary to discuss the contention of counsel for the defendant which, if sound, would render the discussion preceding of no moment. This contention is that a divorce decree after term is conclusive and can not be set aside upon any ground. However this question has been litigated so many times that it seems desirable that the court record what seems to be the present state of the authorities.

In **Parish v Parish, 9 Oh St 534** (1859) the Supreme Court held: Syllabus—

"A decree from the bonds of matrimony, although obtained by fraud and false testimony can not be set aside on an original appeal filed at a subsequent term."

The lower courts appear to have been quite in disagreement with this decision, and in numerous cases refused to follow it: not in so many words but by distinguishing it upon some grounds. One distinction made was that in the Parish case the want of jurisdiction lay in the fact that the plaintiff was not a resident of the county and that the holding did not apply to a case where the want of jurisdiction rested in non residence in the state. **Solomon v Solomon, 1 N. P. (N.S.) 113,** (1894), reversed in 4 O. C. C. (N.S.) 321.

In 1912 in **Bay v Bay, 84 Oh St 417,** in which the jurisdictional decree was

non residence in the state, the court reaffirmed the Parish case and left no further escape from the law as there held.

When, however, in 1912, Ohio adopted a new constitution, there appeared decisions that this constitution worked a change in the law and that thereafter decrees in divorce cases stood upon a parity with all other decrees and judgments and could be reviewed, affirmed, modified or reversed in the same manner and subject to the same rules of law as any other decree or judgment. **Beck v Beck, 48 Oh Ap 105, 1 OO 88.**

In the case of **Pappalardo v Pappalardo, 6 Oh Ap 291,** (1918) the court held to the contrary and declared that Parish v Parish was still the law.

In **Zonars v Zonars** the Court of Appeals of Montgomery County (July 3, 1919) cited in **Ready v Ready, 25 Oh Ap** (Cuyahoga County) **page 438,** followed the Pappalarado case. This latter case was reversed by the Supreme Court, **101 Oh St 518.**

The law therefore appears now to be that a divorce decree is not final and stands in no different position from any other decree or judgment of the court. The court would therefore be of the opinion that the contention of the defendant's counsel in this regard is not well taken.

The entry herein is "petition dismissed, relief denied".