**LOMBARD, Estate of, In re. KIMMEL, Exceptor-Appellant. v. DOTY, Exceptor (Executor)-Appellee.**

Ohio Appeals, Second District, Madison County.

No. 173.   Decided September 7, 1950.

Gerald A. Baynes, London, for exceptor-appellant.
Boyd P. Doty, Westerville, Lucas & Lucas, Columbus, for executor-appellee.

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Probate Court overruling the appellant's exceptions to the inventory and appraisement filed in the estate of Mary S. Lombard which states that there are no persons to whom notice of the filing of the same need be given.

The record discloses that Eli E. Kimmel, the exceptor and appellant, and Mary S. Lombard had been married, but at the time of her death the parties were divorced, the decree having been granted upon the petition of the deceased by the Court of Common Pleas for Franklin County, Ohio. It is the validity of this divorce decree that requires our attention. A photostatic copy was submitted in evidence upon an agreed statement of facts and constitutes the entire record. The petition therein recites that the address of the defendant, Eli E. Kimmel, is Los Angeles, California. The pertinent part of the decree recites:

"This day came the plaintiff, and the defendant having been legally summoned by publication and having failed to appear, the Court finds the defendant, Eli Kimmel, in default for answer and demurrer to said petition and that the allegations thereof are by him confessed to be true."

It is the contention of the appellant that the decree is void because of a defect in the service of summons which was

had by publication. The affidavit for service by publication which is claimed to be defective is as follows:

"Mary Kimmel, being first duly sworn, says that she is the plaintiff in the above entitled action; that service of summons cannot be made on the defendant within this state; that the last known residence of the defendant, Eli Kimmel, is the city of Los Angeles, California, and that this cause is one for divorce."

The appellant urges that the above affidavit is insufficient in that it does not state that the defendant is a nonresident of the State of Ohio. We concede that this requirement must be met in order to have a valid service. **Sec. 11984 GC** provides:

"If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other cases. Unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence be ascertained, a summons and copy of the petition, forthwith on the filing of it, shall be deposited in the post office, directed to the defendant at his place of residence."

The requirement for the affidavit necessary for service by publication is set forth in §11293 GC as follows:

"Before service by publication can be made, an affidavit must be filed that service of summons cannot be made within this state on the defendant sought to be served, and that the case is one of those mentioned in the next preceding section. * * *"

In the case of **Reed v. Reed, 121 Oh St 188, p. 192,** the Court says:

"While §11292 GC, which provides in what cases service shall be given by publication, does not specifically mention divorce and alimony cases, this enactment in §11984 GC places divorce and alimony actions among the list of those in which service by publication is expressly provided for."

Therefore the requirements of §11293 GC include also that the affidavit meet the requirements of §11984 GC.

In **Beachler, et al., v. Ford, et al., 42 Abs 609,** at **p. 619** the Court said:

"Substituted service and service by publication was unknown to the common law but depends upon statutory authorization, and the principle of statutory construction that there must be strict compliance with enactments modifying the course of common law in regard to legal proceedings is exemplified in the cases involving the construction and applications of provisions authorizing substituted and constructive service. When, by the local law, substituted or constructive service is in certain situations substituted in the place of personal service when the latter is inconvenient or impossible, a strict and literal compliance with the provisions of the law must be shown in order to support the judgment based on such substituted or constructive service. Jurisdiction is not to be assumed and exercised on the general ground that the subject matter of the suit is within the power of the court. The inquiry must be as to whether the requisites of the statute have been complied with, and such compliance must appear on the record. The fact that the defendant had actual knowledge of attempted service does not render the service effectual if in fact the process was not served in accordance with the requirements of the statute."

See also **32 O. Jur., 457, Sec. 67.**

We cannot, however, agree with the appellant in his construction of the language in the affidavit. It is true it does not expressly say that the defendant is not a resident of Ohio, but it is not silent on the question of residence as it states that the defendant is a resident of Los Angeles, California. Since a person can have only one legal residence, if the defendant is a resident of California it must logically follow that he is not and cannot be a resident of Ohio. It is therefore our conclusion that the affidavit is sufficient to authorize the service by publication.

The next question presented is whether or not the other requirements of §11984 GC were met in order to obtain a valid service by publication. The appearance docket in the divorce action sets forth the following:

"1938 Nov. 5 Petition filed Copy $1.00

"1938 Nov. 5 Affidavit for publication filed

"1938 Nov. 5 Received one Marked copy of Daily Reporter under date of 11-7 1938 wrapped addressed which I mailed postage prepaid to

Eli Kimmel Los Angeles California
J. Arthur Yoder, Clerk
By S. H. Gibbons, Deputy
"1938 Dec. 12 Proof of Pub. by D. Rep. filed
"1939 Jan. 13 Publication Entry approved Rose"

It will be noted that the record is silent on the question of whether or not a summons and copy of the petition were mailed to this appellant in compliance with §11984 GC, but the judgment entry provides that the defendant was "legally summoned by publication" and failed to appear. The appellant contends that the Court of Common Pleas in this divorce action was acting under a special or limited jurisdiction and was not acting as a court of general jurisdiction and therefore the judgment entry is not controlling on the jurisdictional question. The appellant's contention as to the law applicable to a court of limited jurisdiction is supported by abundant authority, but we find that its conclusion that the court was not exercising its general jurisdiction is contrary to all of the reported cases we have been able to find in this state. Only recently our Supreme Court expressed itself on this subject in the case of **State, ex rel. Miller v. Court of Common Pleas, 151 Oh St 397.** The decision here involved a proceeding in prohibition to prevent a Court of Common Pleas from entertaining a divorce action. Although the question of process was not involved the nature of the court's jurisdiction was definitely at issue. The opinion states at p. 401:

"The Common Pleas Court of Lake County, being a court of general jurisdiction and having jurisdiction of the subject matter in a divorce action, has authority to pass upon and determine its own jurisdiction in the particular divorce action before it after considering all the issues which may be made by such an answer. * * *

"This court has held that 'where general jurisdiction of the subject matter of an action or proceeding has been conferred upon the Court of Common Pleas by statute, a writ of prohibition will not issue denying that court the right to determine its own jurisdiction.' **State, ex rel. Levy, v. Savord, 143 Oh St, 451,** 55 N. E. (2d), 735. See, also, **State, ex rel. Cleveland Telephone Co. v. Court of Common Pleas of Cuyahoga County, 98 Oh St, 164,** 120 N. E. 335.

"Since the Lake County Common Pleas Court has authority to determine its own jurisdiction and since the relatrix may have an appeal from any adverse finding of that Court as

to its jurisdiction, she is not entitled to the extraordinary writ of prohibition."

The case of **Hudson, Admr., v. Owens, 28 O. L. R. 221,** involved a collateral attack upon the divorce proceeding. The Court makes the following statement at p. 225:

"Now it is argued that the proposition that we are laying down would be true in a court of general jurisdiction, but that a court that has jurisdiction over divorce is not a court of general jurisdiction. In other words, in a court of general jurisdiction it is presumed that the court acted regularly, whereas in a court of limited jurisdiction the party claiming the benefit from the judgment of such court would have to prove that it had jurisdiction by taking all the steps which were necessary. Let us concede that to be the law. But how long since has the common pleas court of this state not been a court of general jurisdiction? In fact it is the only court in Ohio that has general jurisdiction. It has jurisdiction from one hundred dollars up to any amount, from misdemeanors to the grossest felonies, and it has jurisdiction in alimony and in divorce cases, and always has had since the inception of the court, and the right giving it general jurisdiction has been carried into the constitution of Ohio, and if there ever was a court of general jurisdiction, the common pleas court of Ohio is that court. Therefore, it must be assumed that the court acted regularly."

And continuing on page 226, it is said:

"Nowhere can you attack a judgment rendered by a court of general jurisdiction, that is regular on its face, by a collateral attack where the court has jurisdiction over the subject matter and where the decree of the court recites that proper service has been made. Such a procedure would unsettle our law entirely and would be contrary to public policy. There is ample provision made in our statutes for attacking a judgment that has been obtained by fraud or in which there has not been proper service or whatever might be a ground for setting aside that judgment, if it is brought in time."

See also **Rea v. Fornan, et al., 37 Abs 135; Knapman v. Ford, 33 Abs 477.**

The appellant cites the case of **In re Estate of Frankenberg, 60 Oh Ap 495,** in which a successful collateral attack was

made upon a divorce decree, but the facts there are not on all fours with the case at bar. Here the defect in the service appears upon the record, while it does not in the instant case. The law is well stated in syllabus 3 of the Frankenberg case, supra, as follows:

"The presumption, upon collateral attack, in favor of due service of process or giving notice by domestic courts of general jurisdiction cannot prevail where it affirmatively appears from the record that the court never had jurisdiction of the person of the defendant."

It is our conclusion that the finding of the trial court that it had jurisdiction must control since it had jurisdiction of the subject of the action and of the parties by its own decree and nothing appears in the record to indicate a want of jurisdiction. We find no merit in the appellant's contention that the decree of divorce violates any of his property rights under either the laws of this state or the federal Constitution. It makes no disposition of any property but merely dissolves the marital relationship and releases both parties from the same.

We find no error in the record and the judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.

## ON MOTION TO CERTIFY

No. 173.   Decided October 6, 1950.

By THE COURT:
This is a motion to certify this case as being in conflict with **Ready v. Ready, 25 Oh Ap 432.** The motion will be overruled as we have heretofore distinguished these two cases.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON MOTION FOR REHEARING

No. 173.   Decided October 6, 1950.

By THE COURT:
This is a motion seeking a rehearing for the following reasons:

(1) Failure to pass upon the third assignment of error.

(2) Error of law in finding that the affidavit in the divorce case was sufficient.

Although we held in the case of **Nickerson v. Nickerson, 85 Oh Ap, 372,** that our rules make no provision for the filing of an application for a rehearing, we have made a further examination of the record in this case and find that all of the assignments of error were passed upon. The third assignment of error was that the divorce court passed upon the appellant's property rights, which we found was not supported by the record. We stated, "We find no merit in the appellant's contention that the decree of divorce violates any of his property rights under either the laws of this state or the Federal Constitution. It makes no disposition of any property but merely dissolves the marital relationship and releases both parties from the same." This assignment was again passed upon when we made the general finding that we found no error in the record, which included the third assignment.

As to the second ground of the motion, the affidavit in the divorce action differed from the one in the case of **Beachler v. Ford, 77 Oh Ap 41,** in that it specifically stated "that service of summons cannot be made on the defendant within this state." The affidavit in the Beachler case, supra, stated the reason that the service of summons could not be made in this state which was insufficient, as a matter of law, to warrant such a conclusion. The two cases are therefore not parallel.

The application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.